LEONARD L. GUMPORT (Bar No. 86935)
lgumport@gumportlaw.com
ANDREW S. ROTTER (Bar No. 86725)
arotter@gumportlaw.com
PETER J. MASTAN (Bar No. 190250)
pmastan@gumportlaw.com
GUMPORT | MASTAN
550 South Hope Street, Suite 825
Los Angeles, California 90071-2627
Telephone: (213) 452-4900
Facsimile: (213) 623-3302

Proposed Attorneys for Ronald L. Durkin,
Interim Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>R2D2, LLC,<br><br>Alleged Debtor. | Bk. No. 2:10-bk-19924-BR<br><br>CHAPTER 11<br><br>NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING STATEMENTS OF COMPENSATION FROM HOLME ROBERTS & OWEN LLP, MITCHELL SILBERBERG & KNUPP LLP AND RICHARDSON & PATEL LLP UNDER 11 U.S.C. § 329(a) AND FRBP 2016(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LEONARD L. GUMPORT; AND EXHIBITS<br><br>DATE: July 20, 2010<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 1668<br>255 E. Temple St.<br>Los Angeles, CA 90012<br>[Judge Russell] |

/ / /

/ / /

/ / /

## NOTICE OF MOTION AND MOTION

**TO HOLME ROBERTS OWEN LLP, MITCHELL SILBERBERG & KNUPP LLP, AND RICHARDSON & PATEL LLP; AND TO THE ALLEGED DEBTORS; DAVID R. BERGSTEIN; THE OFFICE OF THE UNITED STATES TRUSTEE; PETITIONING CREDITORS; THOSE PERSONS AND ENTITIES THAT HAVE REQUESTED SPECIAL NOTICE; AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on July 20, 2010 on the 10:00 a.m. calendar, before the Honorable Barry Russell, United States Bankruptcy Judge, in Courtroom 1668 of the United States Bankruptcy Court, 255 East Temple Street, 16th Floor, Los Angeles, California 90012, the chapter 11 interim trustee (the "Interim Trustee") will make and does hereby makes this motion ("Motion") to require statements of compensation under 11 U.S.C. § 329(a) and FRBP 2016(b) to be filed by Holme Roberts Owen LLP ("HRO"), Mitchell Silberberg & Knupp LLP ("MSK") and Richardson & Patel LLP ("R&P") in each of the following five bankruptcy cases (collectively, the "Involuntary Cases"): **(1)** *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; **(2)** *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; **(3)** *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; **(4)** *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and **(5)** *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR. By this Motion, and identical motions in each of the other Involuntary Cases, the Interim Trustee seeks an order that provides:

    **A.** HRO, within seven days of the hearing on the Motion, shall file a sworn statement of compensation under 11 U.S.C. § 329(a) showing all compensation from any source paid and/or agreed to be paid since March 17, 2009 for representing any and all of the Alleged Debtors in and/or in connection with the Involuntary Cases;

    **B.** MSK, within seven days of the hearing on the Motion, shall file a sworn statement of compensation under 11 U.S.C. § 329(a) showing all compensation from any source paid and/or agreed to be paid since March 17, 2009 for representing any and all of the Alleged Debtors in and/or in connection with the Involuntary Cases (including without limitation in connection with

representing multiple Alleged Debtors in a post-petition lawsuit entitled *Tutor et al. v. Daniel B. Zwirn et al.*, LASC No. BC436548);

  C.  R&P, within seven days of the hearing on the Motion, shall file a sworn statement of compensation under 11 U.S.C. § 329(a) showing all compensation from any source paid and/or agreed to be paid since March 17, 2009 for representing any and all of the Alleged Debtors in and/or in connection with the Involuntary Cases; and

  D.  The statements of compensation provided pursuant to paragraphs A-C shall state with specificity the dates, amounts, recipients and sources of each payment received and/or promised to HRO, MSK and R&P for representing any of the Alleged Debtors in and/or in connection with the Involuntary Cases anytime since March 17, 2009.

**NOTICE IS FURTHER GIVEN** that this motion is made pursuant to 11 U.S.C. § 329(a) and is made on the grounds that: (a) HRO, MSK and R&P have all represented one or more of the Alleged Debtors in and/or in connection with one or more of the Involuntary Cases; (b) to date, HRO, MSK and R&P have not filed statements of compensation under 11 U.S.C. § 329(a); (c) as reflected by the email exchange attached as Exhibit 5, Mr. Weinstein (counsel at R&P and thereafter HRO) and Ms. Coyoca (counsel at MSK) are aware of the obligations imposed by 11 U.S.C. § 329; (d) the Alleged Debtors contend that their bank accounts contain only approximately $5,000; (e) the Alleged Debtors contend that they have no significant unencumbered assets; (f) it is not clear when, if ever, orders for relief will be entered, so that the Alleged Debtors may incur substantial ongoing legal services and liabilities from counsel with undisclosed compensation arrangements and possible conflicts of interest; and (g) despite a purported lack of assets, the Alleged Debtors have been actively represented by HRO, MSK and R&P on terms that have not been disclosed and from sources that have not been disclosed; and (h) for cause shown, under FRBP 2016(b), the Court may require statements of compensation to be filed prior to entry of orders for relief.

///

**NOTICE IS FURTHER GIVEN** that this Motion is based on: (1) this Notice of Motion and Motion, (2) the attached memorandum of points and authorities; (3) the attached declaration of Leonard L. Gumport (and the previously submitted declaration of the Interim Trustee, included in Exhibit 3, previously filed on May 25, 2010), (4) the attached exhibits and (5) papers and pleadings already filed with the Court and subject to judicial notice, including specifically: (a) the document filed jointly by MSK and R&P on March 23, 2010 and entitled "Alleged Debtor's Opposition to Emergency Motion for an Order Appointing a Trustee"; (b) Exhibit 9 to the Request to Take Judicial Notice etc. filed May 25, 2010 and that consists of a copy of the complaint filed on April 27, 2010 by MSK on behalf of various of the Alleged Debtors in a lawsuit against their lenders, entitled *Ronald Tutor; David Bergstein; R2D2 LLC etc. et al. v. Daniel B. Zwirn etc. et al.*, Los Angeles Superior Court Case No. BC436548; and (c) the "Debtor's Objection to and Request for Entry of Protective Order etc.," filed June 1, 2010 by HRO as "Attorneys for Debtor" in one or more of the Involuntary Cases. Copies of excerpts from those documents are attached as Exhibits 1, 2 and 4.

**NOTICE IS FURTHER GIVEN** that if you do not oppose the Motion, you need take no further action.

**NOTICE IS FURTHER GIVEN** that, if you do oppose the Motion, Local Bankruptcy 9013-1(f) requires that any response to the Motion be filed with the Court and served upon counsel for the Interim Trustee. Any opposition must be filed at least fourteen (14) days before the hearing date on the Motion specified in this Motion. Any opposition shall contain a complete statement of all reasons in opposition to the Motion, citations to legal authority, and admissible evidence (including declarations and exhibits) on which the party opposing the Motion intends to rely. Any opposition shall be filed and served on the following persons:

| **For Filing with the Court:** | **For Service on the Interim Trustee:** |
|---|---|
| Clerk's Office | Ronald L. Durkin, Interim Trustee |
| United States Bankruptcy Court | c/o Leonard L. Gumport, Esq. |
| 255 East Temple Street | Gumport \| Mastan |
| Los Angeles, California 90012 | 550 South Hope Street, Suite 825 |
| | Los Angeles, California 90071 |

| | |
|---|---|
| 1 | **For Service on the U.S. Trustee:** |
| 2 | c/o Russell Clementson, Esq.<br>Office of the United States Trustee |
| 3 | 725 South Figueroa Street, Suite 2600<br>Los Angeles, California 90017 |

4

5　　　　**NOTICE IS FURTHER GIVEN that, pursuant to Local Bankruptcy Rule**

6　**9013-1(h), failure to timely file an opposition to the Motion may be deemed by the Court**

7　**to constitute consent to the Court's granting the Motion.**

8　Dated: June __, 2010　　　　　　　　　　Respectfully submitted,

9　　　　　　　　　　　　　　　　　　　　　　GUMPORT | MASTAN

10

11　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　　　Leonard L. Gumport
12　　　　　　　　　　　　　　　　　　　　Proposed Attorneys for Ronald L. Durkin,
　　　　　　　　　　　　　　　　　　　　　Interim Chapter 11 Trustee
13　　　　　　　　　　　　　　　　　　　　(Employment application is pending.)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................. 5

II.  SUMMARY ...................................................... 5

III. FACTS ........................................................ 6

IV.  HRO, MSK AND R&P SHOULD BE REQUIRED TO FILE STATEMENTS
     OF COMPENSATION UNDER 11 U.S.C. § 329(a) AND FRBP 2016(b) ...... 7

V.   CONCLUSION ................................................... 9

DECLARATION OF LEONARD L. GUMPORT ................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re BOH! Ristorante, Inc.*,
    99 B.R. 971 (BAP 9th Cir. 1989) .................................................... 7

*In re Campbell*,
    176 B.R. 558 (Bankr. D. Idaho 1994) ............................................... 7

*In re Perrine*,
    369 B.R. 571 (Bankr. C.D. Cal. 2007) .............................................. 7

**STATUTES**

11 U.S.C. § 327 ........................................................................ 7

11 U.S.C. § 328 ........................................................................ 7

11 U.S.C. § 329 ................................................................. 2, 7, 11

11 U.S.C. § 329(a) ............................................................ 1, 2, 5-8

11 U.S.C. § 330 ........................................................................ 7

11 U.S.C. § 331 ........................................................................ 7

Fed.R.Bankr.P. 2004 ........................................................... 5, 6, 11

Fed.R.Bankr.P. 2016(b) ........................................................... 1, 5-8

Local Bankruptcy Rule 9013-1(f) ....................................................... 3

Local Bankruptcy Rule 9013-1(h) ....................................................... 4

**TREATISES AND OTHER AUTHORITIES**

S.Rep. No. 95-989, 95th Cong.2d Sess. 39 (1978),
U.S. Code Cong. Admin. News 1978, p. 5787 ............................................. 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This memorandum of points and authorities is submitted by the chapter 11 interim trustee (the "Interim Trustee") in support of his motion (the "Motion") to require three law firms to file statements of compensation under 11 U.S.C. § 329(a) and FRBP 2016(b). The three law firms are: (1) Holme Roberts & Owen ("HRO"), (2) HRO's predecessor counsel, Richardson & Patel ("R&P") and (3) Mitchell Silberberg & Knupp LLP ("MSK").

The Interim Trustee is Ronald L. Durkin, who is the chapter 11 interim trustee of alleged debtors (the "Alleged Debtors") in the following five bankruptcy cases (collectively, the "Involuntary Cases"): (1) *In re R2D2, LLC*, Bk. Case No. 2:10-bk-19924-BR; (2) *In re ThinkFilm, LLC*, Bk. No. 2:10-19912-BR; (3) *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; (4) *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and (5) *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.

The Alleged Debtors in the Involuntary Cases are five affiliated companies that were directly or indirectly co-owned by Ronald Tutor ("Tutor") and David R. Bergstein ("Bergstein") from November 2002 to at least January 2009 and thereafter wholly-owned by Bergstein. The names of the Alleged Debtors are: (1) R2D2 LLC ("R2D2"), (2) CT1 Holdings LLC ("CT1"), (3) Capco Group LLC ("Capco"), (4) Capitol Films Development LLC ("CFD"), and (5) ThinkFilm LLC ("ThinkFilm") (collectively, the "Alleged Debtors").

### II. SUMMARY

Despite having no purported assets, the Alleged Debtors have been actively represented by three law firms, namely HRO, MSK and R&P. All of these firms appear to take orders from Bergstein. With help from R&P, HRO and MSK, the Alleged Debtors seek dismissal of the Involuntary Cases. With help from HRO, Bergstein resists turning over records and submitting to a Rule 2004 examination. With help from MSK, certain of the Alleged Debtors filed post-bankruptcy litigation against certain pre-bankruptcy lenders, despite the fact that MSK never requested the Interim Trustee to consent to that litigation.

///

1  A scheduling order recently entered by the Court reflects that the involuntary petitions
2  may not be adjudicated until sometime after October 1, 2010. In the meantime, the Alleged
3  Debtors are mysteriously obtaining legal services on undisclosed terms from undisclosed
4  sources and that may involve undisclosed conflicts of interest and/or diverted funds of the
5  Alleged Debtors.
6  If the Alleged Debtors are not paying for the legal services of HRO, MSK and R&P,
7  then why do the Alleged Debtors contend that they are paying their legal obligations? If the
8  Alleged Debtors are paying for the legal services of HRO, MSK and R&P, then why do the
9  Alleged Debtors allege that they have no significant unencumbered assets? Are counsel for
10 the Alleged Debtors also acting as counsel for insiders of the Alleged Debtors?
11 Under the circumstances, there is ample cause for the Court to exercise its authority
12 under FRBP 2016(b) to require that HRO, MSK and R&P immediately file statements of
13 compensation under 11 U.S.C. § 329(a). The "careful scrutiny" required of attorney
14 compensation under § 329(a) is ineffective if the scrutiny occurs too late, long after the funds
15 are dissipated and the conflicted services have been rendered so as to further entangle the
16 legal affairs of the bankruptcy estates.

17 **III.  FACTS**

18 On March 17, 2010, creditors filed the Involuntary Cases against the Alleged Debtors.
19 On March 23, 2010, acting as counsel for one or more of the Alleged Debtors, R&P
20 and MSK filed an opposition to the petitioning creditors' emergency motion for the
21 appointment of a trustee. *See* Ex. 1
22 On April 15, 2010, in the Involuntary Cases, the Court entered orders approving the
23 appointment of Mr. Durkin as Interim Trustee. At the time of the Interim Trustee's
24 appointment, the Alleged Debtors had approximately $5,000 in the bank and their principal,
25 Mr. Bergstein, had not filed tax returns in approximately three years. Mr. Bergstein is
26 currently withholding records of the Alleged Debtors. *See* Ex. 3 (5/25/10 Durkin Decl., ¶ 6).
27 On April 27, 2010, acting as counsel for one or more of the Alleged Debtors, MSK
28 filed a state court lawsuit against a pre-petition lender of the Alleged Debtors. MSK filed that

lawsuit on behalf of the Alleged Debtors without obtaining the consent of the Interim Trustee. *See* Ex. 3 (5/25/10 Durkin Decl., ¶ 12); Ex. 2 (complaint against Zwirn).

On May 25, 2010, the Interim Trustee filed a motion for a Rule 2004 examination of Bergstein and scheduled the examination for June 15, 2010.

On June 1, 2010, acting as "Attorneys for Debtor," HRO filed an objection and a request for a protective order to prevent the Rule 2004 examination of Bergstein from taking place. *See* Ex. 4. Thereafter, the Court scheduled a hearing date of 10:00 a.m. on July 20, 2010 on those objections.

## IV. HRO, MSK AND R&P SHOULD BE REQUIRED TO FILE STATEMENTS OF COMPENSATION UNDER 11 U.S.C. § 329(a) AND FRBP 2016(b)

11 U.S.C. § 329(a) does not allow a law firm to have a secret compensation arrangement with a debtor, even if: (a) a third party is the source of the compensation and (b) the law firm never intends to file a fee application. Section 329(a) states:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

FRBP 2016(b) expressly authorizes the Court to order attorneys to file statements of compensation before entry of an order for relief. Rule 2016(b) states in relevant part:

> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. . . .

"Sections 327, 328, 329, 330 and 331 of the Bankruptcy Code[] reflect Congress' concern about legal representation of the debtor." *In re Campbell*, 176 B.R. 558, 561 (Bankr. D. Idaho 1994). "Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching

7.

by the debtor's attorney, and should be subject to careful scrutiny." *Id.* (quoting *In re BOH! Ristorante, Inc.*, 99 B.R. 971, 972 (BAP 9th Cir. 1989) (quoting S.Rep. No. 95-989, 95th Cong.2d Sess. 39 (1978), U.S. Code Cong. Admin. News 1978, pp. 5787, 5825); *see In re Perrine*, 369 B.R. 571, 579-80 (Bankr. C.D. Cal. 2007) ("The failure to satisfy the disclosure requirements of § 329(a) and Rule 2016(b) may result in sanctions, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule.") (internal quotations and citations omitted).

The need for "careful scrutiny" of the compensation arrangements between the Alleged Debtors and their multiple counsel should not be deferred while the Alleged Debtors actively litigate matters that may be costly or detrimental to their bankruptcy estates. If overreaching is taking place, then the time to act is now, not months from now. Requiring prompt filings of statements of compensation will help disclose who is paying what to whom and the existence of possible divided loyalties and/or diversion of funds belonging to the estates.

HRO has appeared on behalf of the Alleged Debtors in the Involuntary Cases and has not filed a statement of compensation under 11 U.S.C. § 329(a). HRO should be ordered to comply with section 329(a) now, not later, pursuant to FRBP 2016(b).

MSK has appeared on behalf of the Alleged Debtors in the Involuntary Cases and has not filed a statement of compensation under 11 U.S.C. § 329(a). Acting on purported behalf of the Alleged Debtors (and third parties, including Bergstein and Tutor), MSK has also filed a post-petition complaint against pre-bankruptcy lenders of the Alleged Debtors, and the complaint alleges that those lenders' loans are illegal; that lawsuit is therefore surely in connection with the Involuntary Cases. MSK should be ordered to comply with section 329(a) now, not later, pursuant to FRBP 2016(a).

R&P has appeared on behalf of the Alleged Debtors in the Involuntary Cases and has not filed a statement of compensation under 11 U.S.C. § 329(a). R&P should be ordered to comply with section 329(a) now, not later, pursuant to FRBP 2016(a).

/ / /

/ / /

## V. CONCLUSION

For the reasons set forth above, the Court should grant the relief specified in the Notice of the Motion.

Dated: June 10, 2010

Respectfully submitted,

GUMPORT | MASTAN

By: _____
Leonard L. Gumport
Proposed Attorneys for Ronald L. Durkin,
Interim Chapter 11 Trustee
(Employment application is pending.)

## DECLARATION OF LEONARD L. GUMPORT

**I, LEONARD L. GUMPORT, state:**

1. I am a partner in the law firm of Gumport | Mastan ("G|M"), whose applications to serve as counsel to Ronald L. Durkin ("Mr. Durkin" or the "Interim Trustee") in his capacity as the interim trustee are pending. Mr. Durkin is the interim trustee in the following five bankruptcy cases (the "Involuntary Cases"): (a) *In re ThinkFilm, LLC*, Bk. No. 2:10-bk-19912-BR, (b) *In re R2D2 LLC*, Bk. No. 2:10-bk-19924-BR; (c) *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR; (d) *In re CapCo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and (e) *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR. At the request of the Interim Trustee, I began working on his behalf on or about April 9, 2010. I have personal knowledge of the facts stated in this declaration; and if called as a witness, I could and would competently testify thereto under oath.

2. On April 13, 2010, with Mr. Durkin, I attended a meeting with David Bergstein at an office located at 10960 Wilshire Boulevard, Suite 700, Los Angeles, California (the "Suite 700 Office"). **Exhibit 1** is a copy of the face-page of a pleading I had downloaded from the Court's online docket prior to the April 13th meeting. At the April 13th meeting, Mr. Bergstein stated that a company named "Pangea" was the tenant and that records of the Alleged Debtors (and other companies) were in the Suite 700 Office and on computers in that office. At the meeting, the lawyers with Mr. Bergstein were David Weinstein, Esq. and Lucia Coyoca, Esq. Mr. Weinstein stated that he was representing the debtors (the "Alleged Debtors") in the Involuntary Cases and that he had just left Richardson & Patel ("R&P") to join Holme Roberts & Owen ("HRO"). Ms. Coyoca stated that she was at Mitchell Silberberg & Knupp ("MSK") and that she had represented one or more affiliates of Mr. Bergstein.

3. Subsequent to the April 13, 2010 meeting, on or about April 27, 2010, I received a copy of a complaint that MSK had filed in the Los Angeles Superior Court on behalf of several of the Alleged Debtors and other entities, including Messrs. Bergstein and Ronald Tutor. **Exhibit 2** is a copy of an excerpt from that complaint, which was submitted in its entirety to the Court on May 25, 2010 as Exhibit 9 to the Request to Take Judicial Notice

1. etc. filed in support of the Interim Trustee's multiple motions for a Rule 2004 examination of Mr. Bergstein in the Involuntary Cases. Prior to receiving a copy of that already-filed complaint, MSK had not shown the complaint to me, nor did MSK ask me whether the Interim Trustee would authorize any such lawsuit.

4. On May 3, 2010, the Interim Trustee and I again attended a meeting at the Suite 700 Office. Mr. Bergstein attended the meeting. Also attending the meeting were Mr. Weinstein and another lawyer from HRO. At the May 3rd meeting, Mr. Bergstein stated, among other things, that he would provide a written inventory of the Alleged Debtors assets and records. Since that meeting, Mr. Bergstein has not provided that inventory.

5. On May 25, 2010, on behalf of the Interim Trustee, my firm filed motions for a Rule 2004 examination of Mr. Bergstein in the Involuntary Cases. **Exhibit 3** is a copy of the declaration of the Interim Trustee that was filed in support of those Rule 2004 motions. On June 1, 2010, I received a written objection to those Rule 2004 motions. **Exhibit 4** is a copy of the cover page of those written objections. After those objections were filed, the Rule 2004 examination was stayed by the Court pending a hearing on those objections; the hearing is set for 10:00 a.m. calendar on July 20, 2010.

6. **Exhibit 5** is a copy of an email thread between Mr. Weinstein and me concerning my request for statements under 11 U.S.C. § 329. To date, no statements of compensation under 11 U.S.C. § 329 have been received by me from any of the law firms who have represented the Alleged Debtors, and Mr. Bergstein is currently declining to be examined under oath, as is Mr. Ronald Tutor.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June /0, 2010, at Los Angeles, California.

_____
**LEONARD L. GUMPORT**