JEFFER MANGELS BUTLER & MITCHELL LLP
JOSEPH A. EISENBERG P.C. (Bar No. 52346) jae@jmbm.com
JULIA J. RIDER (Bar No. 67277) jjr@jmbm.com
THOMAS M. GEHER (Bar No. 130588) tmg@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Alleged Debtor R2D2, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re<br><br>R2D2, LLC,<br>　　　　　Debtor. | CASE NOS.  2:10-bk-19924-BR<br>[Chapter 11]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO APPEAL FROM ORDER DATED OCTOBER 28, 2010**<br><br>[Notice of Motion and Motion for Leave to Appeal from Order Denying Motion to Disqualify Levene, Neale, Bender, Yoo & Brill L.L.P., Notice of Objection to Referral of Appeal to Bankruptcy Appellate Panel and Election to Appeal to the District Court, Notice of Related Cases, Notice of Appeal filed concurrently]<br><br>[No Hearing Scheduled]<br><br>Bankr. Judge: Barry Russell<br>Distr. Judge: _____ |

# TABLE OF CONTENTS

Page

I. factualbackground .................................................................................................................1

    A.    Susan Tregub's Work with the Levene Firm Was Substantially Related to Her Representation of the Alleged Debtors. ............................................................1

    B.    The Levene Firm Worked With Tregub In Preparing The Involuntary Bankruptcy Petitions And The Trustee Motion.......................................................2

    C.    Other Evidence of Levene's Unethical Relationship with Tregub .........................4

II. leave to appeal should be granted ........................................................................................4

III. grounds of appeal................................................................................................................6

    A.    Pursuant To Governing Law, The Bankruptcy Court Should Have Disqualified The Levene Firm .................................................................................7

    B.    The Motion to Disqualify Levene was Timely Made...........................................10

IV. conclusion..........................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baker v. Bridgestone/Firestone, Inc.*,
   893 F.Supp. 1349 ..................................................................................................... 10

*City and County of San Francisco v. Cobra Solutions, Inc.*,
   38 Cal.4th 839 ............................................................................................................ 7

*Fund of Funds, Ltd. v. Arthur Andersen & Co.*,
   567 F.2d 225 ............................................................................................................. 10

*In re Beverly*,
   374 B.R. 221 ............................................................................................................... 4

*In Re California Canners and Growers*,
   74 B.R. 336 ............................................................................................................... 10

*In re Martech USA, Inc.*,
   188 B.R. 847 (9th Cir. BAP 1995) aff'd 90 F.3d 408 ................................................ 4

*In re Marvel Entertainment Group, Inc.*,
   209 B.R. 832 ............................................................................................................... 6

*In re Philadelphia Athletic Club*,
   20 B.R. 328 ................................................................................................................. 5

*In re RPC Corp.*,
   114 B.R. 116 ............................................................................................................... 5

*In re Sharpe*,
   98 B.R. 337 ................................................................................................................. 5

*Kirk v. First American Title Insurance Company*,
   183 Cal.App.4th 776 ............................................................................................. 6, 9

*People ex rel. Department of Corps. V. SpeeDee Oil Change System, Inc.*,
   20 Cal.4th 1135 ..................................................................................................... 8, 9

*Pound v. DeMera DeMera Cameron*,
   135 Cal.App.4th 70 ............................................................................................... 8, 9

*Richardson-Merrell*,
   Inc. v. Koller, 472 U.S. 424, 105 S.Ct. 2757 ............................................................. 4

# TABLE OF AUTHORITIES
## (CONT'D)

Page(s)

*River West, Inc. v. Nickel,*
    188 Cal.App.3d 1297 .................................................................................................. 12

*Ron Tutor et al. v. Susan Tregub*
    Case No. BC 434558, Los Angeles Superior Court ....................................................... 4

*Solar Filmworks, LLC v. ThinkFilm, LLC, et a*
    Los Angeles County Superior Court Case No. BC415450 ............................................. 2

**CODES AND STATUTES**

28 U.S.C.
    § 1292 ............................................................................................................................. 5
    § 157 ............................................................................................................................... 4
    § 158(a)(3) ..................................................................................................................... 4

Cal. R. Prof. Cond. 1-120 .................................................................................................... 10

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
7369758v1

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO APPEAL FROM ORDER DATED OCTOBER 28, 2010

## I.

## FACTUAL BACKGROUND

The procedural background and a summary of the facts are set forth in the Motion itself and will not be repeated here. A more detailed discussion of the relevant facts is set forth below.

### A. Susan Tregub's Work with the Levene Firm Was Substantially Related to Her Representation of the Alleged Debtors.

The evidence submitted to the Bankruptcy Court in support of the Alleged Debtors' motion to disqualify the law firm of Levene, Neale, Bender, Yoo & Brill LLP ("Levene") showed that Susan Tregub ("Tregub") was in-house counsel for the Alleged Debtors, for more than a decade. She was involved in all aspects of the Alleged Debtors' businesses: she negotiated and drafted distribution, financing and other agreements for them and their direct and indirect subsidiaries. She counseled them on a variety of business matters and represented at least three of them (R2D2, LLC, ThinkFilm, LLC, and Capitol Films Development, LLC) in litigation. Indeed, Tregub was still counsel of record for ThinkFilm in a pending lawsuit against petitioning creditor Solar Filmworks when she began working with the Levene firm on matters adverse to ThinkFilm.

Of particular relevance to the Motion to Disqualify Levene was a 2009 lawsuit brought by certain direct or indirect subsidiaries of Alleged Debtors R2D2, CT-1, Capco Group, and ThinkFilm against Aramid Entertainment Fund, Ltd ("Aramid"), which Tregub supervised. Aramid later became a petitioning creditor and one of Levene's clients. In fact, Tregub was involved in and/or knowledgeable about all of the transactions that gave rise to the alleged "debts" listed in the Involuntary Petitions that the Levene firm filed on March 17, 2010 to initiate these proceedings.

In late 2009, Tregub changed sides, becoming one of the attorneys for petitioning creditors Aramid and Screen Capital International, both of which are also Levene's clients in the bankruptcy proceeding.

PRINTED ON
RECYCLED PAPER
7369758v1

- 1 -

1    When the Levene firm enlisted Tregub to assist it in the bankruptcy proceeding, it
2 was well aware that Tregub was the longtime counsel of the Alleged Debtors because Levene had
3 previously represented several related business entities while Tregub also served as their counsel.
4 In the course of these representations, Levene interacted extensively with Tregub, and became well-
5 acquainted with her knowledge of all aspects of the Alleged Debtors' business. Levene was fully
6 aware that Tregub possessed Alleged Debtors' confidential information material to the bankruptcy
7 proceeding.

**B.   The Levene Firm Worked With Tregub In Preparing The Involuntary Bankruptcy Petitions And The Trustee Motion**

10    The evidence presented to the Court below demonstrated that the Levene firm, and
11 specifically David Neale, Irv Gross, and Todd Arnold, were in nearly daily communication with
12 Tregub in the days leading up to the bankruptcy filings, that they working actively with her to
13 obtain declarations to be filed in support of the emergency motion for appointment of a trustee, that
14 they obtained confidential information from her about the inner workings of Alleged Debtors which
15 they then used in support of the involuntary petitions and the emergency motion. The Levene Firm
16 was, of course, aware that their clients, petitioning creditors Aramid and Screen Capital
17 International, had also hired Tregub to assist them in gathering more creditors who would agree to
18 be added to the involuntary petitions.

19    For example, Tregub was counsel of record for ThinkFilm in a lawsuit filed against
20 it by Solar Filmworks ("Solar").[1] Solar was represented in that litigation by Hartford O. ("Harty")
21 Brown of Klinedinst PC. While still counsel of record for Thinkfilm in the Solar litigation, Tregub
22 proposed to Brown that Solar speak with the Levene firm, and become a petitioning creditor in
23 involuntary bankruptcy proceedings then being planned by the Levene firm and its clients against
24 ThinkFilm and others. On Friday February 26, 2010, following her conversation with Brown on
25 this subject, Tregub sent him the following email, with a copy to David Neale of the Levene firm:

---

[1] *Solar Filmworks, LLC v. ThinkFilm, LLC, et al.*, Los Angeles County Superior Court Case No. BC415450

"Dear Harty,

Thank you for your time today. Per our conversation, below please find the contact information for bankruptcy counsel for Aramid Entertainment Fund, David Neale. If you have any further questions, please feel free to contact David or myself.

\* \* \*

David, it looks like pending approval from his client Solar Filmworks, LLC will be a petitioning creditor against Thinkfilm, LLC and possibly CT1 Holdings. Harty represents Solar Filmworks – his email is above and his contact information is the following – he would be signing the petition on behalf of his client."

In another e-mail to a potential petitioning creditor, Michel Hayes, Tregub wrote:

"Are you interested in filing petition against Capitol Films, U.S. using Eleven Eleven Films, LLC as the petitioning creditor: We are gearing up so let me know."

Evidence of e-mails submitted to the Bankruptcy Court also showed that Tregub contacted former employees of the Alleged Debtors and asked them to submit declarations in support of the motion to appoint an interim trustee. She worked on the declarations together with lawyers from the Levene Firm. For example, on March 1, Tregub sent Hans Turner, a former employee and declarant an email with the subject line "re: will have a draft declaration to you within the hour...." She instructed Turner that "We need it as long and detailed as possible-so please add away!!!" *Id.* She asked Turner to "PLEASE put in a paragraph at paragraph 2 inserting a brief history of your job experience and making reference to Exhibit A as your CV."

On that same day, Tregub forwarded a draft of Turner's declaration directly to Irving Gross and David Neale, attorneys at Levene. She wrote, "For your review. ... Do you want to set up a time to speak this afternoon. I am very close to getting Jeff Gaul's (another former employee of an Alleged Debtor) done and circulated. The rest are one pagers, I think." Late in the day on March 1st, Tregub sent another email to Turner, on which Gross and Neale were copied, asking him to add a paragraph discussing audit companies.

These and similar emails establish beyond any shadow of doubt that the Levene firm was working with Tregub in drafting and revising the declarations that Levene filed on behalf of the petitioning creditors in support of the trustee motion.

### C. Other Evidence of Levene's Unethical Relationship with Tregub

At the time these bankruptcy proceedings were commenced (March 17, 2010), the Alleged Debtors had lawful access to Tregub's logs of incoming and outgoing e-mails, although only for the seven day period preceding the filing. The Alleged Debtors presented evidence of the logs to the Bankruptcy Court. The logs show multiple daily contacts between Tregub and attorneys at the Levene firm, and the subject lines leave no doubt that the communications were in aid of the preparation of the involuntary petitions and the trustee motion.[2] Even without knowing the precise content of the e-mails reported on the logs, it is obvious that, in the days leading up to the filing of the involuntary petitions, Tregub was in constant communication with Levene to strategize and finalize the bankruptcy filings.

## II.

## LEAVE TO APPEAL SHOULD BE GRANTED

Disqualification orders such as the one at issue here are considered interlocutory orders. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757 (1985). 28 U.S.C. § 158(a)(3) provides that district courts shall have jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges entered in cases referred to the bankruptcy judges under 28 U.S.C. § 157. In determining whether to grant leave to appeal from bankruptcy court orders, district courts have "broad discretionary authority to entertain interlocutory appeals from orders that are not final judgments. *Compare* 28 U.S.C. § 158(a), *with Id,* §§ 158(d) & 1292." *In re Beverly*, 374 B.R. 221, 231 (9th Cir. BAP, 2007).

One test is set forth in *In re Martech USA, Inc.*, 188 B.R. 847 (9th Cir. BAP 1995), aff'd 90 F.3d 408, in which the Court stated that it would grant leave to hear an interlocutory appeal

---

[2] Tregub has fought tooth and nail to avoid producing the e-mails on the logs. On September 17, the court in the state court action against Tregub (*Ron Tutor et al. v. Susan Tregub*, Case No. BC 434558, Los Angeles Superior Court) granted a motion by the Alleged Debtors to compel Tregub to produce e-mails reflected on the e-mail logs, and denied a motion filed by Tregub to quash the subpoenas the Alleged Debtors served on the relevant senders/recipients of those e-mails. The Alleged Debtors only obtained the Brown and Turner e-mails because Turner produced them the day before Tregub filed her Motion to Quash, and whether by oversight or design, Tregub did not include the Brown/Klinedinst subpoena in that Motion.

if a decision finally determines the discrete issue to which it is addressed and will cause irreparable harm to the losing party. In this case, it is beyond doubt that the Bankruptcy Court's Order finally determines the discrete issue to which it was addressed, and will cause irreparable harm to the Alleged Debtors, the losing parties. The Alleged Debtors' ability to defend against the involuntary petitions filed by the Levene firm has inevitably been compromised. No appeal at the end of the day can cure the prejudice to the Alleged Debtors that has and will continue to result from Levene's use of the confidential information imparted by Tregub.

*See, also, In re Philadelphia Athletic Club*, 20 B.R. 328, 332 (E.D. Pa., 1982) (question of disqualification of counsel too important to be denied review and too independent of the cause to require that appellate consideration be deferred); *In re RPC Corp.*, 114 B.R. 116, 119 (M.D. N.C. 1990) (granting leave to appeal order permitting trustee to employ special counsel because the appeal would be dispositive of the validity of the counsel's employment and no purpose was served in delaying the appeal).

In deciding whether to grant leave to appeal, courts have also considered the criteria in 28 U.S.C. § 1292. Under this section, leave may be granted to appeal an interlocutory order to the court of appeals when the order involves a controlling question of law, there is substantial ground for difference of opinion as to the controlling question of law and an immediate appeal may materially advance the ultimate termination of the litigation. Thus district courts have granted leave to appeal in cases in which the law in the area at issue is evolving. In *In re Sharpe,* 98 B.R. 337 (N.D. Ill. 1989), the district court granted leave to appeal in a case similar to this one. As District Court phrased it: "What would you do if you woke up one morning to find the attorney you had retained to file for bankruptcy representing a mortgage company opposing your petition?" *Id.* at p. 338.

Sharpe, the party filing for bankruptcy, moved to disqualify the attorney for the mortgage company and the firm for which he was working. The bankruptcy court granted Sharpe's motion and the mortgage company filed a motion for leave to appeal the bankruptcy court's order.

The district court granted leave to appeal for three reasons. First, the case involved the disqualification of a law firm which had represented a client for a number of years. An error on

the part of the bankruptcy court could do long term damage not easily remediable in a later appeal. Second, the law in the area of attorney disqualification in Illinois was still evolving and a ruling by the district court would contribute to the development of the law. Finally, Sharpe had not objected to the court granting leave to appeal. Ultimately, the court affirmed the decision of the bankruptcy court.

Similarly, in this case, the bankruptcy court's error will cause damage to the Alleged Debtors which a later appeal cannot reverse. In addition, the law governing attorney disqualifications continues to evolve in California and a decision in this case would contribute to the body of law governing vicarious disqualifications. *See, Kirk v. First American Title Insurance Company*, 183 Cal. App. 4th 776 (2010), a recent decision which reviews the differing decisions over the years dealing with vicarious disqualification of law firms.

Leave to appeal may also be granted where the bankruptcy court's decision is simply erroneous. As the court noted in *In re Marvel Entertainment Group, Inc.*, 209 B.R. 832 (D. Del. 1997):

> With respect to the requirement that there be substantial difference of opinion as to the controlling issue of law, the court concludes that, although the application of this criterion makes sense where a district court must determine whether to certify a decision for appeal to a court of appeals, it cannot apply where, as here, a district court believes that there is no substantial ground for difference of opinion because the bankruptcy court's decision is contrary to well-established law. To conclude that a district court may grant leave to appeal where substantial ground for difference of opinion exists but not where the court believes the bankruptcy court's decision is contrary to well-established law would create the absurd result that interlocutory bankruptcy decisions involving close questions of law may be appealable but those that are clearly reversible may not."

*Id.* at p. 837-838.

Under the facts of this case, the Bankruptcy Court's ruling was reversible error. It is respectfully submitted that immediate review is called for.

## III.

## **GROUNDS OF APPEAL**

The Bankruptcy Court committed reversible error when it denied the Alleged Debtor's Motion to Disqualify the Levene firm.

A. **Pursuant To Governing Law, The Bankruptcy Court Should Have Disqualified The Levene Firm**

1. **As a Matter of Law, Tregub's Work For Levene And Its Clients Was Substantially Related To Her Representation Of The Alleged Debtors**

The requirement that Tregub's work with Levene be substantially related to the previous representation before Levene can be disqualified is easily met because of Tregub's extensive representations of all the Alleged Debtors. "To determine whether there is a substantial relationship between successive representations, a court must first determine whether the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation. If the former representation involved such a direct relationship with the client, the former client need not prove that the attorney possesses confidential information. Instead, the attorney is presumed to possess confidential information if the subject of the prior representation put the attorney in a position in which confidences material to the current representation would normally have been imparted to counsel." *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 847 (2006).

Therefore, the Court need only find that "the subject of the prior representation put [Tregub] in a position in which confidences material to the current representation would normally have been imparted to [her]." *Cobra Solutions*, 38 Cal. 4th at 847. Tregub's previous representation of the Alleged Debtors put her in a position to learn confidences material to the bankruptcy proceeding because that proceeding is closely related to Tregub's representation of the Alleged Debtors. The debts the petitioning creditors represented by the Levene Firm seek to enforce arise out of transactions in which Tregub provided legal advice to the Alleged Debtors.

Because Tregub had a direct professional relationship with the Alleged Debtors, represented the Alleged Debtors in matters involving some of the petitioning creditors, and worked extensively with the Alleged Debtors on matters involving similar factual and legal issues that exposed her to the Alleged Debtors' policies and strategies, there is a substantial relationship

1  between her representation of the Alleged Debtors and the work she performed for Levene and their
2  joint clients in the bankruptcy proceeding.

### 2. The Levene Firm Should Have Been Vicariously Disqualified From Representing Petitioning Creditors In This Case

When two or more attorneys serve as co-counsel, and one of those attorneys is subject to disqualification based on a substantially related previous representation, the question of whether the other co-counsel must be disqualified also turns on the issue of confidentiality. The primary concern is the risk of disclosure of the former client's confidential information to the co-counsel. The co-counsel relationship is "essentially identical" to the situation of attorneys who work together within the same firm, and therefore the rules governing vicarious disqualification apply. *Pound v. DeMera DeMera Cameron*, 135 Cal. App. 4th 70, 76-77 (2005).

In *Pound*, the defendants moved to disqualify one of the plaintiffs' attorneys, Bradley, and his co-counsel, Jones. *Id.* at 75. Several years earlier, Bradley had interviewed with the defendants' attorney to determine whether the defendants wished to retain him. *Id.* at 74. The defendants did not and, three years later, Bradley associated as co-counsel for plaintiffs with Jones in the case. The court found that disqualification of both Bradley and Jones was required. *Id.* at 76.

The court first determined that Bradley entered into an attorney-client relationship with defendants when he interviewed with their attorney. When he subsequently associated as counsel with Jones to represent the plaintiffs, he entered into a representation adverse to his former clients. There was a substantial relationship between the representations, and therefore Bradley was disqualified. *Id.*

In determining whether Jones also should be disqualified, the court analogized to vicarious disqualification cases. In those cases, "a presumption that an attorney has access to privileged and confidential matters relevant to a subsequent representation extends the attorney's disqualification vicariously to the attorney's entire firm." *Id.* at 78 (quoting *People ex rel. Dept. of Corps. V. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1146 (1999)). Whether the attorney that possesses the confidential information is co-counsel or is another attorney within a firm is irrelevant

to application of the rule—the court found "no logical or substantive manner to distinguish the two situations." *Id.* at 77. "The distinction between hiring Bradley as an associate or partner, on the one hand, and associating him as counsel, on the other hand, does not change the need to protect defendants' confidences. The only effective method to protect defendants' confidences from the possibility of inadvertent disclosure is also to disqualify Jones." *Id.* at 78.

*Pound* is the leading California case on the issue of co-counsel disqualification and controls here. Like Bradley in *Pound*, Tregub obtained her former client's confidential information and then took on representation adverse to that client. By working as *de facto* co-counsel with Levene, Tregub is presumed to have shared the Alleged Debtors' confidential information. The evidence demonstrates that the Levene Firm used Tregub's confidential information about the Alleged Debtors in preparation of the bankruptcy filings. Levene should therefore have been vicariously disqualified.

*Pound* established that the rules of vicarious disqualification apply to co-counsel of a tainted attorney such as Tregub. 135 Cal. App. 4th at 78. Under those rules, once a presumption has been established that an attorney had access to the opposing party's material confidential information due to a prior representation before the tainted attorney joined the firm, the presumption extends to the attorney's entire firm. *SpeeDee Oil*, 20 Cal. 4th at 1146. Unless the firm can demonstrate that it has built an effective ethical wall around the tainted attorney, disqualification of the entire firm is mandatory. *Kirk v. First Am. Title Ins. Co.*, 183 Cal. App. 4th 776, 809-10 (2010).

The evidence shows Levene actively worked with her on this case. *Pound*, 135 Cal. App. 4th at 77. Levene is therefore presumed to have received the Alleged Debtors' confidential information from Tregub and must be vicariously disqualified. *Pound*, 135 Cal. App. 4th at 78.

The result is no different because Tregub's name was not formally placed on the pleadings as an associated counsel. That would be elevating form over substance. Tregub performed legal work on this case and regularly communicated with attorneys from Levene. Under *Pound*, formal association is not necessary when the opportunity existed for confidential information to be passed from attorney to attorney. *Pound*, 135 Cal. App. 4th at 78-79 ("[I]t is impossible to conceive a justification for not disqualifying Jones when he consulted with Bradley,

an attorney who obtained the opponent's confidences, even if Bradley never associated into the case."). *See also Baker v. Bridgestone/Firestone, Inc.*, 893 F. Supp. 1349, 1365-66 (N.D. Ohio 1995) (disqualifying attorney who received assistance in preparing case from adverse party's former attorney, even though the former attorney was never associated as counsel); *Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 235 (2d Cir. 1977) ("And we have never believed that labels alone, partner, clerk, co-counsel should control our decisions in so sensitive an area.").

3. **Levene Should Have Been Disqualified Because It Knowingly And Actively Assisted Tregub In The Breach Of Her Duties To The Alleged Debtors**

Due to Levene's prior representation of entities related to the Alleged Debtors, Levene was aware of Tregub's duties to the Alleged Debtors and knowingly assisted her in breaching them by soliciting and accepting her assistance in these proceedings. Levene's actions provide an additional grounds for disqualification.

It is an ethical violation to assist another attorney in the violation of an ethical rule. Cal. R. Prof. Cond. 1-120. Doing so is grounds for disqualification. *In Re California Canners and Growers*, 74 B.R. 336, 347 (N.D. Cal. Bankr. 1987); *Fund of Funds.*, 567 F.2d at 233-35. Because Levene assisted Tregub in violating her duties to the Alleged Debtors, it should have been disqualified.

B. **The Motion to Disqualify Levene was Timely Made**

In response to the Alleged Debtors' Motion to Disqualify, the petitioning creditors argued that the Alleged Debtors waited too long to move to disqualify Levene and had therefore waived any objections they may have. However, any delay was caused by Tregub's and Levene's obstruction of the Alleged Debtors' attempts to gather evidence.

The Levene firm had been on notice of the Alleged Debtors' position from the outset of these proceedings. The Alleged Debtors raised their concerns about Tregub's assistance to Levene at the very first hearing on March 30, 2010. At the time, the Court did not wish to entertain the matter, and the Alleged Debtors did not have sufficient evidence to support a motion to disqualify.

Since that time, the Alleged Debtors have been actively engaged in gathering the evidence to support their contention that Levene and Tregub did work together in preparation of the involuntary petitions and the trustee motion. Tregub consistently attempted to block these efforts. The Alleged Debtors filed an application for a temporary restraining order in an action the Alleged Debtors and others had filed against Tregub in state court, to prevent Tregub from further assisting Levene's clients in the bankruptcy proceeding, based on information reflected on Tregub's e-mail logs. The state court declined to issue the TRO, deeming the information on the logs insufficient to establish the content of the communications between Tregub and others, but it ordered Tregub to produce the actual emails and to appear for a deposition about them.

Mere minutes before Tregub's court-ordered deposition was scheduled to begin, Tregub's counsel telephoned to inform the Alleged Debtors' attorneys that Tregub would not be attending the deposition and that she would remove the state court action to federal court. Tregub then filed a removal petition, asking the Bankruptcy Court to assume jurisdiction over the state court action against her. The Bankruptcy Court remanded to matter to state court.

Following remand, Tregub sat for a deposition, but refused to produce any of the relevant e-mails, and refused to answer questions regarding her involvement in this action, asserting that the questions exceeded the scope of the Court's order and that the e-mails were "privileged." She refused to identify who her clients were for purposes of asserting the privilege, or when she had begun representing them. Thus, the Alleged Debtors were forced to file a motion to compel, which was granted by Judge Ralph Dau of the Los Angeles Superior Court on September 17, 2010.

Blocked by Tregub from meaningful discovery, the Alleged Debtors subpoenaed documents from those third parties with whom Tregub had communicated in the days before the bankruptcy proceedings were filed. Some of the third parties (including the Levene firm) evaded service.[3] Most of the rest refused to produce any documents after Tregub filed a Motion to Quash the day before the return date on the subpoenas. The Alleged Debtors have only recently obtained e-

---

[3] When the Alleged Debtors attempted to serve Levene with a subpoena, Levene refused to let the process server into the building.

- 11 -

mails from third parties and a few from Tregub, evidence of which was presented to the Bankruptcy Court.

Notwithstanding Tregub's concerted efforts to keep from producing evidence of her communications with Levene, summarized above, Levene contended in opposition to the motion to disqualify that the motion was untimely. Under *River West, Inc. v. Nickel*, 188 Cal. App. 3d 1297 (1987), the party opposing a motion to disqualify on the basis of delay must "offer[] prima facie evidence of an unreasonable delay by the former client in making the motion and resulting prejudice to the current client. *Id.* at p. 1309. Only after the opposing party has produced such evidence does the moving party have the burden to justify the delay.

Levene failed to produce evidence that the delay was unreasonable or that the petitioning creditors it represents have suffered or would suffer any prejudice as the result of the delay. Given the Alleged Debtors' continued efforts to gather evidence to support the disqualification motion, Tregub's efforts to avoid disclosing her communications with Levene, and the fact that Levene has been on notice of the disqualification issue from the outset of the bankruptcy proceeding, Levene's argument that the disqualification motion was untimely was without any merit whatsoever.

## IV.

## CONCLUSION

For the reasons set forth above and in the accompanying Motion for Leave to Appeal, the Alleged Debtor R2D2, LLC respectfully requests that this Court grant leave to appeal from the Bankruptcy Court's denial of its motion to disqualify the Levene firm.

DATED: November ___, 2010

JEFFER MANGELS BUTLER & MITCHELL LLP
JOSEPH A. EISENBERG P.C.
JULIA J. RIDER
THOMAS M. GEHER


By: /s/ Joseph A. Eisenberg P.C.
     JOSEPH A. EISENBERG P.C.
Attorneys for Alleged Debtor R2D2, LLC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as *MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO APPEAL FROM ORDER DATED OCTOBER 28, 2010.* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *November 8, 2010,* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On *November 8, 2010,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I caused to be served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 8, 2010 | Billie Terry | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                             **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION:**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- David E Ahdoot    dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com
- todd M Arnold    tma@lnbrb.com
- Jennifer S Chang    jsc@birdmarella.com, krw@birdmarella.com
- Russell Clementson    russell.clementson@usdoj.gov
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Jeffrey K Garfinkle    bkgroup@buchalter.com, jgarfinkle@buchalter.com;lgoodwin@buchalter.com
- Philip A Gasteier    pag@lnbrb.com
- Thomas M Geher    tmg@jmbm.com
- Irving M Gross    img@lnbrb.com, angela@lnbrb.com
- Leonard L Gumport    lgumport@grlegal.com
- Michael C Heinrichs    mheinrichs@omm.com
- Joseph A Kohanski    jkohanski@bushgottlieb.com, tjimines@bushgottlieb.com
- Peter J Mastan    pmastan@grlegal.com
- Hayes F Michel    hmichel@bakerlaw.com
- David L. Neale    dln@lnbrb.com
- Andrew S. Rotter    arotter@grlegal.com
- Mark M Sharf    mark@sharflaw.com, msharf00@gmail.com
- James A Stearman    jas007@pacbell.net
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- David Weinstein    david.weinstein@hro.com
- Joseph M Welch    jwelch@buchalter.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

**SERVED BY OVERNIGHT MAIL**

Honorable, Barry Russell
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**