1  JEFFER MANGELS BUTLER & MITCHELL LLP
   JOSEPH A. EISENBERG P.C. (Bar No. 52346) jae@jmbm.com
2  JULIA J. RIDER (Bar No. 67277) jjr@jmbm.com
   THOMAS M. GEHER (Bar No. 130588) tmg@jmbm.com
3  1900 Avenue of the Stars, Seventh Floor
   Los Angeles, California 90067-4308
4  Telephone:    (310) 203-8080
   Facsimile:    (310) 203-0567
5
   Attorneys for Alleged Debtor R2D2, LLC
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          LOS ANGELES DIVISION

11 | In Re                          | CASE NO.   2:10-bk-19924-BR
                                    |            [Chapter 11]
12 | R2D2, LLC,
                                    | **MEMORANDUM OF POINTS AND**
13 |           Debtor.              | **AUTHORITIES IN SUPPORT OF**
                                    | **OPPOSITION TO MOTION OF FORTRESS**
14                                  | **VALUE RECOVERY FUND TO MODIFY**
                                    | **CONFIDENTIALITY ORDER RE**
15                                  | **TESTIMONY AND RECORDS;**
                                    | **DECLARATION OF JEAN PIERRE**
16                                  | **NOGUES**
17
                                    | **[Request for Judicial Notice in Support of**
18                                  | **Opposition to FVRF Motion to Modify**
                                    | **Confidentiality Order re Testimony and**
19                                  | **Records Provided to Interim Trustee filed**
                                    | **concurrently herewith]**
20
21                                  | Date:    February 15, 2011
                                    | Time:    10:00 a.m.
22                                  | Place:   Courtroom 1668
                                    |          255 E. Temple St.
23                                  |          Los Angeles, CA 90012
24

25

26

27

28

I.

# INTRODUCTION

Alleged Debtor R2D2 opposes the Motion brought by Fortress Value Recovery Fund I, LLC ("FVRF") f/k/a D.B. Zwirn Special Opportunities Fund, L.P., to modify the Confidentiality Order now in place to permit it and its counsel unfettered access to discovery conducted by the Trustee in this case, specifically the Rule 2004 examinations and related documents. FVRF bases its motion on its purported status as a creditor of at least one of the alleged debtors, (although the claims registers maintained by the Court for the three Alleged Debtors do not include proofs of claims filed by either FVRF or D.B. Zwirn Special Opportunities Fund, L.P.).

In reality, FVRF seeks access to the 2004 examinations and related documents to allow it to circumvent the discovery constraints of the California Code of Civil Procedure applicable to its action filed against David Bergstein and Ron Tutor in Los Angeles Superior Court, entitled *D.B. Zwirn Special Opportunities Fund, LLC, et al. v. David R. Bergstein and Ronald N. Tutor, et al.*, Case No. BC 425112, filed November 2, 2009[1] ("the Zwirn Action"), which Fortress neglected to attach to its Motion.[2]

Mr. Tutor and Mr. Bergstein, and other witnesses whose depositions have been taken or noticed in the Zwirn Action were protected by the Confidentiality Order in effect when they gave their Rule 2004 testimony. Had that Order not been in effect, they could have asserted protective objections. Now FVRF seeks to render the protection provided by the Order a nullity for purposes have little to do with their status as a creditor and everything to do with their status as a plaintiff in the Zwirn Action. The Zwirn Action seeks to recover on guarantees made by Mr. Bergstein and Mr. Tutor, claims which arise from purported transactions with certain of the Alleged Debtors, including loan and credit agreements with Alleged Debtor CT-1, among others. As set forth in the

---

[1] *See*, Motion, footnote 12.

[2] A copy of the Zwirn Action, without the over 800 pages of attachments, is attached to the accompanying Request for Judicial Notice.

accompanying Declaration of Jean Pierre Nogues, substantial discovery has already been taken in the Zwirn Action and more is noticed for the future.

Courts routinely condemn attempts by parties who have brought contested actions outside bankruptcy proceedings to take advantage of the broad scope of Rule 2004 examinations to avoid the constraints of the rules of civil procedure. As this is clearly the purpose behind FVRF's motion, the motion should be denied.

## II.

## FVRF SHOULD NOT BE PERMITTED TO CIRCUMVENT THE DISCOVERY CONSTRAINTS APPLICABLE TO THE ZWIRN ACTION

The rule is well recognized that once a creditor initiates a contested matter, discovery should be conducted in accordance with the applicable rules of civil procedure rather than pursuant to Rule 2004. *In re Enron Corp.*, 281 B.R. 836, 840 (S.D. N.Y. 2002). This rule applies to state court actions as well as those brought in federal court. *Snyder v. Soc'y Bank,* 181 B.R. 40, 42 (S.D. Tex. 1994), *aff'd sub nom. In re Snyder,* 52 F.3d 1067 (5th Cir. 1995). The reason for this rule lies in the broad nature of a Rule 2004 examination compared to more restrictive discovery under federal and state rules of civil procedure. *In re Enron, supra*, at pp. 840-41. For example, in a 2004 examination, the witness does not have the right to be represented by counsel, and there is only a limited right to object to improper or irrelevant questions. Moreover, the scope of a 2004 examination is broader than that usually permitted under the federal or state rules; courts have characterized Rule 2004 as allowing "fishing expeditions." *In re Kipp,* 86 B.R. 490, 491 (W.D. Tex. 1988).

FVRF attempts to distinguish these cases on the grounds that it is not asking for a 2004 examination itself. Instead, it merely wishes to review the 2004 examinations already conducted by the Trustee. This appears to be a distinction without a difference and an unwarranted circumvention of the rules prohibiting the use of Rule 2004 examinations under circumstances

- 3 -

1 where the creditor has brought a contested proceeding in another court. FVRF's true purpose in

2 requesting modification of the Confidentiality Order is evident from its Motion. For example, as

3 one of the "strange results" of the Confidentiality Order, FVRF cites the fact that "certain creditors

4 involved in outside litigation with insiders are barred from reviewing transcripts of any testimony

5 given by Mr. Tutor and Mr. Bergstein." [Moving Papers, p. 4, lines 15-17]. The Moving Parties

6 further assert that they have the right to "examine the suggestions of subterfuge by Mr. Bergstein,

7 Mr. Tutor, and any other parties who currently or previously, owned or managed the Debtors' and

8 the Alleged Debtor's businesses." [Moving Papers, p. 18, lines 17-18] However, as set forth in the

9 accompanying Nogues Declaration, in the Zwirn Action FVRF has already conducted substantial

10 discovery including deposing Ronald Tutor and Susan Tregub, and propounding document requests

11 and interrogatories to Messrs. Tutor and Bergstein. Almost 200,000 pages of documents have been

12 produced to date. Mr. Bergstein's deposition has been noticed as well as those of other witnesses

13 who have also been the subject of Rule 2004 examinations conducted by the Trustee, including

14 Michael Barnes and Frymi Biedak.

In short, this is a clear example of an attempt to use Rule 2004 examinations to circumvent the safeguards of the applicable rules of civil procedure. FVRF is free to ask Mr. Bergstein, Mr. Tutor and the other witnesses whose depositions have been or will be taken in the Zwirn Action about "suggestions of subterfuge," subject, of course, to objections made by counsel and other safeguards of the applicable rules. FVRF has failed to show why it should be permitted to circumvent these safeguards in this case. Its motion should be denied.

DATED: February 1, 2011    JEFFER MANGELS BUTLER & MITCHELL LLP
JOSEPH A. EISENBERG P.C.
JULIA J. RIDER
THOMAS M. GEHER

By: /s/ Joseph A. Eisenberg P.C.
JOSEPH A. EISENBERG P.C.
Attorneys for Alleged Debtor R2D2, LLC

# DECLARATION OF JEAN PIERRE NOGUES

I, Jean Pierre Nogues, the undersigned, declare:

1. I am an attorney licensed to practice in the State of California. I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP. I am one of the lawyers responsible for representing David Bergstein and Ronald Tutor in a case known as <u>D.B. Zwirn Special Opportunities Fund LLC, et al. v. Bergstein and Tutor</u>, L.A.S.C, Case No. BC 524112 (the "Guaranty Case"). I make the following declaration of my own personal knowledge, and if called upon to do so, could and would testify to the facts set forth herein.

2. In the Guaranty Case, D.B. Zwirn Special Opportunities Fund LLC (now known as Fortress Value Recovery Fund I LLC), Bernard National Loan Investors Ltd. and Hemlock (Lux) S.A.R.L. (collectively referred to herein as "Zwirn"), assert that Bergstein and Tutor are liable as purported guarantors of certain loans, including loans made to CT1 Holdings LLC, Capitol Films Limited, Stopping Power Productions Inc. and Sheridan Square Entertainment. The lawsuit also raises issues with respect to other loans, including those made to ThinkFilm LLC and Reel Transit LLC, as well as issues regarding application of payments made by Library Asset Acquisition Company Ltd. to various loans for purposes of determining the balances remaining on the loans.

3. Zwirn has conducted extensive discovery in the Guaranty Case. Zwirn has propounded 70 requests for admissions, over 50 interrogatories and at least 138 document requests to Bergstein and Tutor. Zwirn has also noticed the depositions of Bergstein, Tutor, Susan Tregub, Michael Barnes, Frymi Biedak, and

Allen Lee. The depositions of Tutor and Tregub have been taken. Zwirn postponed the depositions of Bergstein, Barnes and Biedak, and Allen Lee's deposition is presently noticed to take place on March 22, 2011.

4. In response to Zwirn's discovery, Bergstein and Tutor have provided lengthy responses to interrogatories and requests for admissions, and have produced over 26,000 documents consisting of nearly 200,000 pages.

5. Tutor and Bergstein deny Zwirn's allegations in the Guaranty Action. They have propounded extensive discovery as well, including interrogatories, requests for admissions and document requests. Bergstein and Tutor have to date also taken depositions of four current or former Zwirn employees.

6. The present discovery cutoff in the Guaranty Case is April 8, 2010, and trial is scheduled for May and June.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of January, 2011, at Los Angeles, California.

_____
Jean Pierre Nogues

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1900 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067-4308

A true and correct copy of the foregoing document described as ***Memorandum Of Points And Authorities In Support Of Opposition To Motion Of Fortress Value Recovery Fund To Modify Confidentiality Order Re Testimony And Records; Declaration Of Jean Pierre Nogues*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***February 1, 2011***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On ***February 1, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Served By Overnight Mail*:
Honorable, Barry Russell
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 1, 2011 | Claudean Brandon | *[signature]* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                         **F 9013-3.1.PROOF.SERVICE**

**I. TO BE SERVED BY THE COURT VIA NEF:**

- David E Ahdoot    dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com
- Todd M Arnold    tma@lnbrb.com
- Jennifer S Chang    jsc@birdmarella.com, krw@birdmarella.com
- Russell Clementson    russell.clementson@usdoj.gov
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
- Joseph A Eisenberg    jae@jmbm.com
- Jeffrey K Garfinkle    bkgroup@buchalter.com, jgarfinkle@buchalter.com;lgoodwin@buchalter.com
- Philip A Gasteier    pag@lnbrb.com
- Thomas M Geher    tmg@jmbm.com
- Irving M Gross    img@lnbrb.com, angela@lnbrb.com
- Leonard L Gumport    lgumport@grlegal.com
- Michael C Heinrichs    mheinrichs@omm.com
- Joseph A Kohanski    jkohanski@bushgottlieb.com, tjimines@bushgottlieb.com
- Peter J Mastan    pmastan@grlegal.com
- Hayes F Michel    hmichel@bakerlaw.com
- David L. Neale    dln@lnbrb.com
- Andrew S. Rotter    arotter@grlegal.com
- Mark M Sharf    mark@sharflaw.com, msharf00@gmail.com
- James A Stearman    jas007@pacbell.net
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- David Weinstein    david.weinstein@hro.com
- Joseph M Welch    jwelch@buchalter.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**