1  LEONARD L. GUMPORT (Bar No. 86935)
   *lgumport@gumportlaw.com*
2  ANDREW S. ROTTER (Bar No. 86725)
   *arotter@gumportlaw.com*
3  PETER J. MASTAN (Bar No. 190250)
   *pmastan@gumportlaw.com*
4  GUMPORT | MASTAN
   550 South Hope Street, Suite 825
5  Los Angeles, California 90071-2627
   Telephone: (213) 452-4900
6  Facsimile: (213) 623-3302

7  Attorneys for Ronald L. Durkin,
   Chapter 11 Trustee
8

9              UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                  LOS ANGELES DIVISION

12  In re                        )  **Bk. No. 2:10-bk-19924-BR**
                                 )
13                               )  **CHAPTER 11**
        R2D2, LLC,               )
14                               )
                                 )  **TRUSTEE'S SIXTH STATUS REPORT**
15                  Debtor.      )
                                 )
16                               )  **Status Conference:**
                                 )  **Date:        April 20, 2011**
17                               )  **Time:        2:00 p.m.**
                                 )  **Place:       Courtroom 1668**
18                               )            **255 E. Temple St.**
                                 )            **Los Angeles, CA 90012**
19                               )            **[Judge Russell]**
                                 )
20  _____)

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4–8-11.R2D2.wpd

# TABLE OF CONTENTS

**Page**

I.  **INTRODUCTION** .................................................. 1

II. **NARRATIVE OF CASE** ........................................... 2

    **1.**  Nov. 2, 2009: Zwirn Group Files Lawsuit against Bergstein & Tutor ....... 2

    **2.**  Feb. 2, 2010: Capitol Films Ltd. Files UK Administration Proceeding ...... 2

    **3.**  March 17, 2010: Creditors File Involuntary Petitions against Debtors ...... 2

    **4.**  March 18, 2010: Creditors Seek Trustee; Bergstein Files Declaration ...... 3

    **5.**  March 23, 2010: Bergstein Opposes Trustee Appointment ............... 3

    **6.**  March 25, 2010: Bergstein, Tutor, LAAC and Others Sue Susan Tregub .... 3

    **7.**  March 31-April 2010: The Trustee is Appointed ....................... 3

    **8.**  April-Aug. 2010: Bergstein, Tutor, LAAC and Others Sue the Zwirn ....... 4

    **9.**  April-August 2010: Rule 2004 and Protective Order Motions ............ 5

    **10.**  Sept. 3, 2010: Trustee Examines Image Entertainment .................. 6

    **11.**  Sept. 3, 2010: Decision of UK Court ............................... 7

    **12.**  Sept.-Oct. 2010: More Rule 2004 Motions and Objections to Them ........ 7

    **13.**  Sept. 24, 2010: Motions To Disqualify Petitioning Creditors' Counsel ...... 8

    **14.**  Oct. 1, 2010: LAAC Seeks Relief from Stay to Foreclose ............... 8

    **15.**  Oct. 6, 2010: SJ Hearing re Orders for Relief against ThinkFilm and CFD .. 8

    **16.**  Oct. 13, 2010: Bergstein Provides List of Creditors of R2D2, CT1 & Capco . 9

    **17.**  Oct. 19-26, 2010: Denial of LAAC Stay Relief Motion ................. 9

    **18.**  Oct. 25, 2010: LAAC Files Cash Collateral Motion ................... 9

    **19.**  Nov. 2, 2010: Bergstein Provides Additional Lists of Creditors .......... 10

    **20.**  July-November 2010: LAAC's Lists of Debtors' Motion Picture Assets ... 10

    **21.**  Nov. 10, 2010: Further Examination of Tutor ....................... 10

    **22.**  Nov. 2010: Appeals from Denial of Disqualification Motions ........... 10

    **23.**  Nov. 15, 2010: Modification of Confidentiality Orders ................ 10

    **24.**  Nov. 17, 2010: Rule 2004 Examinations of Stephens ................. 11

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4-8-11.R2D2.wpd

# TABLE OF CONTENTS (cont'd)

**Page**

25. Nov. 19, 2010:  Discovery Sanctions Motions ........................ 11

26. Nov. 23, 2010:  Hearing on Protective Order Motions re Casinos and on LAAC's Cash Collateral Motion ................................... 11

27. Nov. 29, 2010:  Motion for Rule 2004 Examination of Comerica ......... 12

28. Dec. 2010-2011:  Searches of NAS Server .......................... 12

29. Dec. 13-14, 2010:  Rule 2004 Exams of Chambers and Schram .......... 12

30. Dec. 14, 2010:  Motions to Require Bergstein to Prepare Sworn Schedules . 12

31. Dec. 22, 2010:  Dismissal of Complaint in 2nd Zwirn Action ............ 12

32. Dec. 27, 2010:  Fortress Files Motion to Modify Confidentiality Orders .... 13

33. Dec. 30, 2010:  Motion for Rule 2004 Examination of BofA ............. 13

34. Jan. 6-7, 2010:  Rule 2004 Examinations of Casinos .................. 13

35. Jan. 13, 2011:  First Meeting of Creditors & Order Requiring Bergstein to Prepare Sworn Schedules ................................... 13

36. Jan. 13, 2011:  Comerica Production ............................. 14

37. Jan. 14, 2011:  Bergstein & Tutor Dismiss the 2nd Zwirn Action ......... 14

38. Jan. 28, 2011:  Rule 2004 Motion to Rifkin/Eberts LLC ................ 14

39. Feb. 1, 2011:  Opposition to Fortress's Motion ...................... 14

40. Feb. 1, 2011:  Applications to Employ Clifton Gunderson .............. 14

41. Feb. 7, 2011:  Rule 2004 Motion to Warner Brothers .................. 14

42. Feb. 8, 2011:  Status Conference ................................ 15

III. CURRENT DEVELOPMENTS ................................ 15

1. Feb. 9, 2011:  Hearing on Creditors' Motions for Sanctions ............. 15

2. Feb.-April 6, 2011:  Turnover of Additional Files ..................... 15

3. Feb. 15, 2011:  Partial Modification of Confidentiality Orders ........... 15

4. Feb. 18, 2011:  Continued First Meeting of Creditors .................. 15

5. March 9, 2011:  District Court Denies Leave to Appeal ................ 15

6. March 15, 2011:  Applications to Employ G|M ...................... 16

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4--8-11.R2D2.wpd

1

<u>**TABLE OF CONTENTS**</u> (cont'd)

2

<u>**Page**</u>

3

    **7.**    March-April 2011: Discussions with New Capitol Administrator . . . . . . . . . 16

4

    **8.**    April 5, 2011: Report of Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

5

**IV.**   **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4--8-11.R2D2.wpd

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

NONE CITED.


## STATUTES

11 U.S.C. § 329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 U.S.C. § 541(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed.R.Bankr.P. 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-8, 11-14

Fed.R.Bankr.P. 2016(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Bankr.P. 9001(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

iv.

# SIXTH INTERIM STATUS REPORT

## I.      INTRODUCTION

This Sixth Interim Status Report (the "Status Report") is submitted by Ronald L. Durkin (the Trustee) in his capacity as the chapter 11 trustee of the bankruptcy estates of the five debtors (the Debtors), namely:  (1) Capco Group, LLC (Capco), (2) Capitol Films Development, Ltd. (Capitol/US), (3) CT-1 Holdings, LLC (CT1), (4) R2D2, LLC (R2D2), and (5) ThinkFilm, LLC (ThinkFilm).

The Trustee submits identical versions of this Status Report in the Debtors' bankruptcy cases (the Bankruptcy Cases).  Those cases are: (1) *In re ThinkFilm, LLC*, Bk. No. 2:10-bk-19912-BR, (2) *In re R2D2 LLC*, Bk. No. 2:10-bk-19924-BR, (3) *In re CT-1 Holdings, LLC*, Bk. No. 2:10-bk-19927-BR, (4) *In re Capo Group, LLC*, Bk. No. 2:10-bk-19929-BR; and (5) *In re Capitol Films Development, LLC*, Bk. No. 2:10-bk-19938-BR.

In October 2010, the Bankruptcy Court entered orders for relief in the *ThinkFilm* and *Capitol/US* Bankruptcy Cases.  In February 2011, the Court entered orders for relief in the *R2D2*, *CT1*, and *Capco* Bankruptcy Cases.  Accordingly, in all five Bankruptcy Cases, Mr. Durkin is the permanent chapter 11 trustee.

Current and/or former principals and/or affiliates of the Debtors include David R. Bergstein (Bergstein), Ronald N. Tutor (Tutor), Library Asset Acquisition Company, Ltd. (LAAC), and TFC Library, LLC (TFC Library).

The Trustee has previously filed five status reports, the most recent of which was filed on January 18, 2011. [*See, e.g.*, R2D2 Dkt., No. 459 (fifth report).]

As discussed in this status report, on April 5, 2011, the Trustee filed under seal his report of his investigation of the financial affairs of the Debtors.  There are pending objections to the filing of the report under seal.

As also discussed in this status report, there is currently pending in the United Kingdom (UK) a related insolvency proceeding (the Capitol Administration) involving Capitol Films Ltd. (Capitol/UK).

/ / /

1    The newly appointed administrator (the Capitol Administrator) in the Capitol

2  Administration recently contacted the Trustee to discuss the possibility of cooperation, and

3  sharing of information, between the Trustee and the Capitol Administrator.

4  **II.    NARRATIVE OF CASE**

5       **1.    Nov. 2, 2009:  Zwirn Group Files Lawsuit against Bergstein & Tutor**

6       On November 2, 2009, D.B. Zwirn Special Opportunities Fund, LLC (Zwirn) and

7  other hedge funds (collectively, the Zwirn Group) filed a complaint against Bergstein and

8  Tutor in the Los Angeles Superior Court.  The complaint is entitled *D.B. Zwirn Special*

9  *Opportunities Fund, LLC et al. v. David R. Bergstein; and Ronald N. Tutor*, LASC No.

10  BC425112 (the 1st Zwirn Action).

11       In the 1st Zwirn Action, the Zwirn Group alleges that Bergstein and Tutor failed to

12  perform their personal guarantees of tens of millions of dollars of loans that the Zwirn Group

13  made to CT1 and various affiliates.  Tutor and Bergstein dispute all liability to the Zwirn

14  Group, and, as described below, sued the Zwirn Group on April 27, 2010.

15       **2.    Feb. 2, 2010:  Capitol Films Ltd. Files UK Administration Proceeding**

16       Capitol/UK (i.e., Capitol Films Ltd.) is a UK subsidiary of one or more of the Debtors.

17       During January-February 2010, Bergstein resigned as a director of Capitol/UK and

18  appointed new directors.  On February 2, 2010, those Bergstein-appointed directors caused

19  Capitol/UK to be placed in the Capitol Administration.  Events relating to Capitol/UK are

20  recounted in the judgment, filed September 3, 2010, of the Richard Snowden QC of the UK

21  High Court of Justice, Chancery Division (the UK Court).

22       **3.    March 17, 2010: Creditors File Involuntary Petitions against Debtors**

23       On March 17, 2010, various creditors (not including the Zwirn Group) commenced the

24  Bankruptcy Cases by filing involuntary bankruptcy petitions against the Debtors, namely

25  R2D2, CT1, CapCo, Capitol/US, and ThinkFilm.  The filing of those petitions, even though

26  they were disputed by the Debtors, created bankruptcy estates by operation of law under 11

27  U.S.C. § 541(a).  [*See* ThinkFilm Dkt., No. 1 (3/17/10 involuntary petition).]

28       The Debtors disputed the involuntary petitions.

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4--8-11.R2D2.wpd

1    **4.    March 18, 2010: Creditors Seek Trustee; Bergstein Files Declaration**

2        On March 18, 2010, in the Bankruptcy Cases, the petitioning creditors filed motions

3    for the appointment of an interim trustee to safeguard and administer the assets of the

4    Debtors' bankruptcy estates. [*See* ThinkFilm Dkt., No. 2 (3/18/10 emergency motion).]

5    **5.    March 23, 2010: Bergstein Opposes Trustee Appointment**

6        On March 23, 2010, in the Bankruptcy Cases, the Debtors filed a declaration from

7    Bergstein in opposition to the appointment of an interim trustee. Bergstein stated that the

8    Debtors were part of "a large group of affiliates" that had annual gross revenues "typically in

9    excess of $100,000,000," and that the "affiliated enterprise handles funds in the range of

10   $500,000,000 annually, much of it owed to or claimed by numerous third parties." [*See*

11   ThinkFilm Dkt., No. 17 (3/23/10 Bergstein Decl., ¶¶ 2-3).]

12   **6.    March 25, 2010: Bergstein, Tutor, LAAC and Others Sue Susan Tregub**

13       On March 25, 2010, Tutor, Bergstein, LAAC, and others (including the Debtors) filed

14   a lawsuit (the Tregub Action) against Susan H. Tregub (Tregub) in the Los Angeles Superior

15   Court. The lawsuit is entitled *Ronald Tutor et al. v. Susan Tregub et al.*, LASC No.

16   BC434558 (the Tregub Action).

17       In the Tregub Action, the plaintiffs' complaint alleged that Tregub committed breaches

18   of her fiduciary duty and professional malpractice. Among other things, the complaint

19   alleged that Tregub improperly divulged confidential and privileged information to third

20   parties, including creditors who filed the involuntary bankruptcy petitions against the Debtors.

21   Tregub disputes the plaintiffs' allegations.

22   **7.    March 31-April 2010: The Trustee is Appointed**

23       On March 31, 2010, the Bankruptcy Court entered orders directing the United States

24   Trustee to appoint an interim chapter 11 trustee in the Bankruptcy Cases. The orders

25   provided that the interim trustee would become the permanent trustee if orders for relief were

26   entered. [ThinkFilm Dkt., No. 42 (3/31/10 order directing appointment of trustee).]

27       On April 9, 2010, in the Bankruptcy Cases, the United States Trustee filed applications

28   for approval of the appointment of Mr. Durkin as the interim trustee. On April 15, 2010, the

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4-8-11.R2D2.wpd

1    Bankruptcy Court entered orders approving those applications. [ThinkFilm Dkt., # 56 (4/9/10

2    application), No. 60 (4/15/10 order granting application).]

3    In April 2010, concurrently with the selection and approval of Mr. Durkin as Trustee,

4    he began investigating the assets, liabilities, and financial affairs of the Debtors. Among

5    other things, in April and May 2010, the Trustee met with Bergstein and began imaging

6    computers located at the office from which Bergstein conducted the financial affairs of the

7    Debtors and their affiliates, including Pangea Media Group, LLC (Pangea).

8    During April 2010, Bergstein told the Trustee that substantially all of the Debtors'

9    assets had been transferred and/or encumbered to secure more than $40 million in purported

10    liens held by one or more affiliates of Bergstein and/or Tutor. These affiliates include LAAC,

11    purportedly co-owned by Bergstein, Tutor, and/or entities under their control.

12    LAAC currently alleges that it holds first priority liens in excess of $40 million against

13    substantially all of the assets of the Debtors, to the extent that they did not transfer their assets

14    to yet another affiliate named TFC Library, LLC (fka Orange Holdings).

15    During April 2010, the Trustee also selected and utilized the assistance of

16    professionals, including Durkin Forensic Incorporated (DFI) (forensic accountants) and the

17    law firm named Gumport | Mastan (G|M). The Trustee subsequently submitted and obtained

18    Bankruptcy Court approval of applications to employ DFI and G|M. [ThinkFilm Dkt., Nos.

19    69-70 (5/7/09 employment applications), 81-82 (5/21/10 Debtors' objections), and 173-174

20    (7/23/10 orders granting applications).]

21    **8.    April-Aug. 2010: Bergstein, Tutor, LAAC and Others Sue the Zwirn**

22    On April 27, 2010, Bergstein, Tutor, LAAC, and others filed a complaint against the

23    Zwirn Group and others in the Los Angeles Superior Court. The complaint was entitled

24    *Ronald Tutor et al. v. Daniel B. Zwirn et al.*, LASC No. BC436548 (the 2nd Zwirn Action).

25    In the 2nd Zwirn Action, the complaint against the Zwirn Group alleged that its loans

26    to the Debtors and their affiliates were unlawful and subject to rescission.

27    / / /

28    / / /

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4–8-11.R2D2.wpd

9. **April-August 2010: Rule 2004 and Protective Order Motions**

During April-May 2010, Bergstein provided partial but not complete access to the information sought by the Trustee. Bergstein also refused to permit the Trustee to image the personal office computers of Bergstein and his assistant Frymi Biedak (Biedak). To date, Bergstein and Biedak have not permitted the Trustee to image their personal office computers.

On May 10, 2010, the Trustee filed his first status report. [ThinkFilm Dkt., No. 73 (5/10/10 status report).]

In May 2010, in order to compel testimony and production of records, the Trustee filed motions for Rule 2004 examinations of Bergstein and Biedak, both in their personal and representative capacities. [*See* ThinkFilm Dkt., Nos. 84-90 (5/25/10 Rule 2004 motion to Bergstein for himself and Debtors, and 5/28/10 Rule 2004 motion to Biedak for herself and Pangea and TFC).] Bergstein and Biedak filed objections to those motions. [*Id.*, Nos. 93-94 (6/1-2/10 objections).]

On June 7, 2010, the Trustee filed motions for Rule 2004 examinations of Tutor both in his individual capacity and as a representative of LAAC. [*See* ThinkFilm Dkt., Nos. 99-103 (6/7/10 Rule 2004 motion to Tutor for himself and as representative of LAAC).]

On June 11, 2010, the Trustee filed motions requiring counsel for the Debtors to disclose their sources of compensation under 11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b). [ThinkFilm Dkt., No. 110 (6/11/10 compensation disclosure motion).]

Also on June 11, the Trustee filed motions to designate Bergstein as the "debtor" under Fed.R.Bankr.P. 9001(5) in order to have a designated person responsible to perform the statutory duties of the Debtors. [ThinkFilm Dkt., No. 111 (6/11/10 Rule 9001(5) designation motion).]

On June 14, 2010, the Trustee filed motions for Rule 2004 examinations of Tregub, former counsel for the Debtors and various of their affiliates. [ThinkFilm Dkt., Nos. 113-116 (6/14/10 Rule 2004 motion to Tregub).]

On June 16-18, 2010, in order to obtain bank records of the Debtors, the Trustee filed motions for Rule 2004 examinations of Bank of America (BofA) and Comerica Bank.

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4–8-11.R2D2.wpd

1  [ThinkFilm Dkt., Nos. 118-121 (6/16/10 Rule 2004 motion to BofA), 123-126 (6/18/10 Rule

2  2004 motion to Comerica Bank).]

3         On June 23, 2010, in order to obtain information from one of the primary pre-

4  bankruptcy lenders of the Debtors, the Trustee filed motions for Rule 2004 examinations of

5  various entities named "Fortress," as successors to, and/or custodians of, records of various

6  hedge funds, including Zwirn.   [ThinkFilm Dkt., Nos. 128-130 (6/23/10 Rule 2004 motion).]

7         On July 1, 2010, the Trustee filed his second status report.  [*See* ThinkFilm Dkt.,

8  No. 139 (2nd status report).]

9         Bergstein, Tutor, and/or one or more of their affiliates, opposed substantially all of the

10  Rule 2004 motions filed by the Trustee, and substantially all of the objections filed to those

11  motions were overruled by the Bankruptcy Court at a hearing on July 20, 2010.

12         At the July 20th hearing, the Bankruptcy Court also ruled that it would enter

13  confidentiality orders (i.e., the Confidentiality Order), and the Confidentiality Order was

14  entered on July 23, 2010.  The following week, on July 28th, the Bankruptcy Court denied

15  motions filed by the Debtors to use their assets in the ordinary course of their business.

16  Subsequently, the Confidentiality Order was repeatedly modified, but there have always been

17  restrictions on the ability of the Trustee to disclose non-privileged information.

18         After the July 20 hearing, the Trustee's investigation continued.  At a hearing on

19  August 25, 2010, the Bankruptcy Court ordered Pangea to deliver a previously withheld

20  server image (i.e., the NAS Server image) to the Trustee.  Pangea complied.

21     **10.    Sept. 3, 2010:  Trustee Examines Image Entertainment**

22         During the Bankruptcy Cases, the Debtors alleged that they were owed substantial

23  sums by Image Entertainment, Inc. (Image).

24         On August 24, 2010, the Trustee filed a motion for a Rule 2004 examination of Image

25  Entertainment.  The Court granted that motion on September 3, 2010.  [*See* ThinkFilm Dkt.,

26  Nos. 260-261 (8/24/10 Rule 2004 motion to Image) and 271 (Rule 2004 order.]  The Trustee

27  conducted a Rule 2004 examination of Image on September 23, 2010, and counsel for LAAC

28  attended that examination.

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4-8-11.R2D2.wpd

1  **11.    Sept. 3, 2010: Decision of UK Court**

2      On August 25, 2010, the UK Court conducted a hearing in the Capitol Administration

3  on another transaction involving Pangea. This Pangea-related transaction involved questions

4  concerning transfers of motion picture assets from Capitol/UK to or for the benefit of Pangea.

5      On September 3, 2010, the UK Court filed its judgment in the Capitol Administration.

6  That judgment questioned, but did not decide, the legitimacy of Bergstein/Pangea's dealings

7  with Capitol/UK.

8  **12.    Sept.-Oct. 2010:  More Rule 2004 Motions and Objections to Them**

9      On September 15, 2010, the Trustee filed motions for the Rule 2004 examination of

10  American Express. The motion sought information relating to hundreds of thousands of

11  dollars of transfers from one or more of the Debtors to American Express. [ThinkFilm Dkt.,

12  Nos. 275-276 (Rule 2004 motion to Amex).]

13      On September 16, 2010, the Trustee filed motions for the Rule 2004 examination of

14  Michael Barnes, Esq., counsel for the Debtors and/or certain affiliated entities. [ThinkFilm

15  Dkt., Nos. 278-280 (Rule 2004 motion to Barnes).] Mr. Barnes subsequently produced files

16  and twice made himself available for examination. The two examinations occurred because

17  additional records were made available by Mr. Barnes after his first examination.

18      On September 23, 2010, the Trustee filed motions for a Rule 2004 examination of

19  Eileen Burke, a former employee of Zwirn. [ThinkFilm Dkt., Nos. 287-289 (Rule 2004

20  motion to Burke).] Ms. Burke subsequently voluntarily made herself available on an

21  expedited basis for a sworn interview by the Trustee.

22      On September 24, 2010, the Trustee filed motions for a Rule 2004 examination of

23  Mandalay Corporation, one of multiple casinos that had alleged non-payment by Bergstein of

24  gambling debts. [ThinkFilm Dkt., Nos. 291-292 (Rule 2004 motion to Mandalay).]

25      During September 2010, the Trustee also filed motions for Rule 2004 of other casinos,

26  including the Las Vegas Sands and the Wynn. [ThinkFilm Dkt., Nos. 300-301 (9/28/10 Rule

27  2004 motion to Sands), 306-307 (9/30/10 Rule 2004 motion to Wynn).]

28  / / /

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4-8-11.R2D2.wpd

1  Subsequently, Bergstein filed  motions for a protective order concerning all Rule 2004

2  examinations of the casinos and American Express; and a hearing on those motions for

3  protective orders was set for November 23, 2010. [*See* ThinkFilm Dkt., Nos. 362, 365).]

4  On September 24, 2010, the Trustee filed his third status report.  [ThinkFilm Dkt. No.

5  295 (9/24/10 status report).]

6  On October 1-7, 2010, the Trustee filed motions for the Rule 2004 examination of

7  Suzie Schram and Charles Chambers, both of whom had worked on bank accounts relating to

8  the Debtors at the Newbury Park branch of Bank of America.  [*See* ThinkFilm Dkt., Nos.

9  314-315 (10/1/10 Rule 2004 motion to Schram), 333-335 (10/7/10 Rule 2004 motion to

10  Chambers).]

11  Subsequently, Bergstein filed motions for protective orders of the Trustee's Rule 2004

12  examinations of Mr. Chambers and Ms. Schram, and a hearing on those motions was set for

13  November 23, 2010.  [ThinkFilm Dkt., Nos. 363-364 (10/13/10 protective order motions re

14  Chambers and Schram).]

15  On October 20, 2010, the Trustee filed motions for Rule 2004 examinations of

16  Stephens Investment Holdings (Stephens), which has filed a proof of claim for $7 million in

17  the R2D2 case. [ThinkFilm Dkt., Nos. 387-88 (10/20/10 Rule 2004 motion to Stephens).]

18  **13.    Sept. 24, 2010:  Motions To Disqualify Petitioning Creditors' Counsel**

19  On September 24, 2010, various of the Debtors, including Capco, CT1, and R2D2 filed

20  motions to disqualify counsel for the petitioning creditors.  [*See* R2D2 Dkt. No. 269.]

21  **14.    Oct. 1, 2010:  LAAC Seeks Relief from Stay to Foreclose**

22  On Friday, October 1, 2010, LAAC filed motions for relief from stay so that it could

23  foreclose on assets of CT1 and ThinkFilm and other assets purportedly belonging to non-

24  debtor affiliates.  [*See* ThinkFilm Dkt., Nos. 315-316 (10/1/10 LAAC stay relief motion).]

25  **15.    Oct. 6, 2010:  SJ Hearing re Orders for Relief against ThinkFilm and CFD**

26  On October 6, 2010, hearings were scheduled to occur on summary judgment motions

27  by the petitioning creditors for entry of orders for relief against ThinkFilm and Capitol/US.

28  / / /

8.

1    After requiring the petitioning creditors to undergo the expense of making those

2    summary judgment motions, ThinkFilm and Capitol/US submitted no opposition. As a result,

3    on October 6, 2010, the Bankruptcy Court ruled that it would enter orders for relief against

4    ThinkFilm and Capitol/US.

5    Also on October 6th, following a hearing, the Bankruptcy Court denied the motions of

6    R2D2, CT1, and Capco for the posting of a bond. During that hearing, after the movant-

7    Debtors' counsel indicated uncertainty about the number and identity of their creditors, the

8    Bankruptcy Court directed the movant-Debtors to provide a list of creditors within a week.

9    After the October 6th hearing, the Trustee made demands on various counsel for

10    ThinkFilm and Capitol/US to turn over files previously withheld based on a claim of attorney-

11    client privilege with regard to communications with ThinkFilm and CFD. The Jeffer Mangels

12    firm made files available to the Trustee's counsel on October 22, 2010. Other lawyers and/or

13    law firms that turned over files included: (1) Castle & Associates, (2) Holme, Roberts Owen,

14    (3) Mitchell, Silberberg & Knupp, (4) the law office of Michael Barnes, and (5) Tregub.

15    **16.    Oct. 13, 2010:  Bergstein Provides List of Creditors of R2D2, CT1 & Capco**

16    On October 13, 2010, counsel for R2D2, CT1, and Capco provided a list of their

17    "undisputed" creditors. The October 13th lists reflected that all three of those Debtors had

18    more than $45 million in purportedly undisputed debts (including debts allegedly owed to

19    LAAC), even though Bergstein's March 23, 2010 declaration stated that the Debtors were

20    generally paying their debts as they fell due.

21    **17.    Oct. 19-26, 2010:  Denial of LAAC Stay Relief Motion**

22    On October 19, 2010, LAAC filed reply declarations in further support of its stay relief

23    motions. [ThinkFilm Dkt., Nos. 376, 378 (10/19/10 Tutor & Coyoca declarations).

24    On October 26th, following a hearing, the Court denied LAAC's stay relief motions.

25    **18.    Oct. 25, 2010:  LAAC Files Cash Collateral Motion**

26    On October 25, 2010, LAAC filed motions to prevent the Trustee from using what

27    LAAC alleges is its cash collateral. [*See* ThinkFilm Dkt., Nos. 397-399 (10/25/10 LAAC

28    cash collateral motion).]

1    **19.    Nov. 2, 2010:  Bergstein Provides Additional Lists of Creditors**

2    On November 2, 2010, Bergstein provided declarations attesting to the identities and

3    amounts of claims against R2D2, CT1, and Capco.

4    The November 2 lists provided by Bergstein reflected that R2D2, CT1, and Capco each

5    had one or more unpaid judgments against them as of March 17, 2010, plus more than $45

6    million in debt purportedly owed to Zwirn and/or LAAC.

7    **20.    July-November 2010:  LAAC's Lists of Debtors' Motion Picture Assets**

8    On July 19, 2010, LAAC's counsel sent to the Trustee's counsel an email.  In the

9    email, LAAC's counsel stated that it had identified "201 film titles or film development

10    projects against which ThinkFilm may hold legal rights."

11    More recently, on October 28, 2010, LAAC's counsel sent another email to Trustee's

12    counsel about ThinkFilm's rights in films.  This email listed only 53 films and alleged that

13    ThinkFilm's rights in many of the films may have expired.  LAAC disclaimed responsibility

14    for the accuracy and completeness of the list.  LAAC contends that ThinkFilm and its

15    affiliates transferred approximately 542 films to TFC Library LLC prior to the Bankruptcy

16    Cases, pursuant to an agreement dated as of October 24, 2008.

17    **21.    Nov. 10, 2010:  Further Examination of Tutor**

18    At the Trustee's request, Mr. Tutor made himself available for a further Rule

19    examination on November 10.

20    **22.    Nov. 2010:  Appeals from Denial of Disqualification Motions**

21    During November 2010, R2D2, CT1, and Capco filed notices of appeal from the

22    orders denying the Debtors' motions to disqualify counsel for the petitioning creditors.  [*See,*

23    *e.g.,* R2D2 Dkt., No. 399 (11/8/10 notice of appeal).]

24    **23.    Nov. 15, 2010:  Modification of Confidentiality Orders**

25    On November 15, 2009, the Court conducted a hearing on the motions of the

26    petitioning creditors to modify the Confidentiality Order that was entered on July 23, 2010

27    (following a hearing on July 20).  The Court granted the motions.  [ThinkFilm Dkt., Nos. 443,

28    446 (11/15/10 transcript and 11/29/10 order).

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4-8-11.R2D2.wpd

**24.    Nov. 17, 2010: Rule 2004 Examinations of Stephens**

On November 17, 2010, the Trustee conducted Rule 2004 examinations of Jackson Farrow, Jr. and Doug Martin, representatives of Stephens Capital Partners, Stephens Inc., and/or Stephens  As a result of the modification of the July 23, 2010 Confidentiality Order, counsel for the petitioning creditors attended these examinations.  However, even as modified, the Confidentiality Order continues to contain carve-outs that preclude the Trustee from sharing all information (even with the petitioning creditors).

**25.    Nov. 19, 2010: Discovery Sanctions Motions**

On November 19, 2010, after their counsel attended the Rule 2004 examinations of Stephens, certain petitioning creditors filed motions for sanctions in the three cases in which orders for relief had not yet been entered.  The sanctions sought included terminating sanctions that, if granted, would result in entry of orders for relief.  Those motions for sanctions were set for hearing on February 9, 2011. [See, e.g., R2D2 Dkt., Nos. 419-21 (discovery sanction motions), 433 (12/02/10 notice of hearing).]

**26.    Nov. 23, 2010:  Hearing on Protective Order Motions re Casinos and on LAAC's Cash Collateral Motion**

On November 23, 2010, the Court conducted a hearing on motions of Bergstein and his spouse for a protective order limiting the Trustee's motions for Rule 2004 examinations of several Las Vegas casinos, American Express, and one current and one former Bank of America (BofA) employee.  The Court granted in part and denied in part the motions.  Rule 2004 orders to the casinos, American Express, and to the BofA personnel were entered during December 2010. [ThinkFilm Dkt., Nos. 450-52, 455-59 (12/9/10 & 12/11-13/10 orders).]

Also on November 23, 2010, the Court conducted a hearing on LAAC's motion to prevent the Trustee from using what LAAC alleged was its cash collateral.  Based on the Trustee's representations that he would not use the claimed cash collateral without further order on notice to LAAC, the Court denied LAAC's motion without prejudice.

/ / /

/ / /

1    **27.    Nov. 29, 2010:  Motion for Rule 2004 Examination of Comerica**

2        On November 29, 2010, the Trustee filed a motion for a Rule 2004 examination of

3    Comerica Bank. The motion was granted.  [ThinkFilm Dkt., No. 444 (11/29/10 motion).]

4    **28.    Dec. 2010-2011:  Searches of NAS Server**

5        Beginning on December 2, 2010, after the Trustee completed uploading his image of

6    the NAS Server and established procedures to screen privileged materials, the Trustee

7    conducted a series of searches of the NAS Server in the presence of representatives of

8    Bergstein and/or Tutor.  Those searches continued during 2011.  Before each search, the

9    Trustee gave at least 48 hours notice to counsel for Bergstein and Tutor, and the Trustee

10    permitted their representatives to attend the searches.

11    **29.    Dec. 13-14, 2010:  Rule 2004 Exams of Chambers and Schram**

12        On December 13-14, 2010, the Trustee conducted Rule 2004 examinations of BofA

13    representatives concerning banking activities of the Debtors and their affiliates.

14    **30.    Dec. 14, 2010:  Motions to Require Bergstein to Prepare Sworn Schedules**

15        After the Court entered orders for relief in October 2010 in the *Capitol/US* and

16    *ThinkFilm* cases, first meetings of creditors were scheduled for the morning of January 13,

17    2011.  Prior to those meetings, Bergstein was the designated "debtor" under Fed.R.Bankr.P.

18    9001(5), but he initially did not file sworn schedules for *Capitol/US* or *ThinkFilm*.

19        On December 14, 2010, the Trustee filed motions in the *Capitol/US* and *ThinkFilm*

20    cases to require Bergstein, as the designated representative of the Debtors, to prepare and file

21    sworn schedules.  Bergstein opposed those motions, and they were set for hearing at 10:00

22    a.m. on January 13, 2011.  [ThinkFilm Dkt., Nos. 460 (12/14/10 motion).]

23    **31.    Dec. 22, 2010:  Dismissal of Complaint in 2nd Zwirn Action**

24        Prior to December 22, 2010, the 2nd Zwirn Action was removed from the Los Angeles

25    Superior Court by the defendants (including Zwirn) to the United States District Court for the

26    Central District of California, Los Angeles Division.  The removed case was captioned

27    *Ronald Tutor et al. v. Daniel B. Zwirn et al.*, U.S.D.C. Case No. CV10-6878-DSF.

28    / / /

12.

On December 22, U.S. District Judge Dale S. Fischer dismissed, with leave to amend, Bergstein and Tutor's entire complaint against the Zwirn Group. The dismissal included the complaint's usury, fraud, and RICO claims.

**32.   Dec. 27, 2010: Fortress Files Motion to Modify Confidentiality Orders**

On December 27, 2010, Fortress Value Recovery Fund (Fortress) filed a motion to modify the July 23, 2010 confidentiality orders. [ThinkFilm Dkt., No. 468 (12/27/10 Fortress motion).]

**33.   Dec. 30, 2010: Motion for Rule 2004 Examination of BofA**

On December 30, 2010, following Rule 2004 examinations of BofA personnel on December 13-14, 2010, the Trustee filed a motion for a Rule 2004 examination and production of documents not previously produced by BofA. That motion was granted on January 6, 2011. [ThinkFilm Dkt., Nos. 475 (12/30/10 motion re BofA), 478 (1/6/11 order).]

**34.   Jan. 6-7, 2010: Rule 2004 Examinations of Casinos**

On January 6-7, 2011, the Trustee conducted Rule 2004 examinations of three casinos, and all of them produced records in response to the Rule 2004 orders.

**35.   Jan. 13, 2011: First Meeting of Creditors & Order Requiring Bergstein to Prepare Sworn Schedules**

On the morning of January 13, 2011, the Court overruled Bergstein's objections to the Trustee's motions to compel Bergstein to prepare and file sworn bankruptcy schedules of assets and liabilities in the *Capitol/US* and *ThinkFilm* cases. The Court allowed Bergstein until February 14, 2011 to comply with this order.

Also on the morning of January 13, 2011, Bergstein appeared at the first meeting of creditors and submitted to a sworn examination.

After approximately two hours, the Trustee continued the meeting to 9:00 a.m. on February 18, 2011 to permit further questioning of Bergstein after he prepared and filed sworn schedules.

/ / /

/ / /

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4-8-11.R2D2.wpd

**36.    Jan. 13, 2011:  Comerica Production**

Beginning on January 13, 2011, Comerica produced documents to the Trustee in response to a Rule 2004 order obtained by the Trustee.

**37.    Jan. 14, 2011:  Bergstein & Tutor Dismiss the 2nd Zwirn Action**

The December 22, 2010 ruling in the 2nd Zwirn Action dismissed the complaint of Bergstein and Tutor (and their co-plaintiffs) with leave to amend.  On January 14, 2011, instead of amending their complaint, they dismissed it without prejudice.

The Los Angeles Superior Court lawsuit that the Zwirn Group filed against Tutor and Bergstein (i.e., the 1st Zwirn Action), remains pending before Richard Chernick of JAMS serving as a private judge.

**38.    Jan. 28, 2011:  Rule 2004 Motion to Rifkin/Eberts LLC**

On January 28, 2011, the Trustee filed a motion for a Rule 2004 examination of Rifkin/Eberts LLC. [*See* R2D2 Dkt., No. 467.]  Pursuant to that motion, a Rule 2004 order was granted on February 2, 2011. [*Id.*, No. 475.]

**39.    Feb. 1, 2011:  Opposition to Fortress's Motion**

On February 1, 2011, the Debtors filed opposition to Fortress's motions to modify the confidentiality orders. [*See* R2D2 Dkt., No. 473.]  Prior to February 1st, the Trustee filed a notice that he did not oppose Fortress's motion to modify the Confidentiality Order. [*Id.*, No. 458 (Trustee's non-opposition).]

**40.    Feb. 1, 2011:  Applications to Employ Clifton Gunderson**

On February 1, 2011, in the Bankruptcy Cases, the Trustee filed applications to employ Clifton Gunderson LLP (CG) as his accountants because, effective January 1, 2011, CG became the successor by merger to DFI. [*See* R2D2 Dkt., No. 469.]

**41.    Feb. 7, 2011:  Rule 2004 Motion to Warner Brothers**

On February 7, 2011, the Trustee filed a motion for a Rule 2004 examination of Warner Brothers Entertainment, Inc. [See R2D2 Dkt., No. 480.]  Pursuant to that motion, a Rule 2004 order was granted on February 14, 2011. [*Id.*, No. 486.]

/ / /

14.

1    **42.    Feb. 8, 2011: Status Conference**

2        On February 8, 2011, the Court conducted a status conference and scheduled the next

3    status conference for April 20, 2011.  On January 18, prior to the status conference, the

4    Trustee filed his fifth status report.  [*See* R2D2 Dkt., No. 459.]

5    **III.    CURRENT DEVELOPMENTS**

6        The following are developments since the February 8, 2011 status conference:

7        **1.    Feb. 9, 2011: Hearing on Creditors' Motions for Sanctions**

8        On February 9, 2011, the Court conducted a hearing on the petitioning creditors'

9    motions for terminating sanctions against Capco, CT1, and R2D2.  At the conclusion of the

10   hearing, the Court ruled that it would enter orders for relief against those Debtors.  Pursuant

11   to those rulings, the Court entered orders for relief on or about February 22, 2011. [R2D2

12   Dkt., No. 489.]

13       **2.    Feb.-April 6, 2011: Turnover of Additional Files**

14       Following the February 9 hearing, the Trustee made demands for turnover of files

15   previously withheld based on claims of the attorney-client privileges of Capco, CT1, and/or

16   R2D2.  During February-April, 2011, in response to those demands, the Trustee received files

17   from Mr. Barnes, Debtors' counsel, Mitchell Silberberg, and Ms. Tregub.

18       **3.    Feb. 15, 2011: Partial Modification of Confidentiality Orders**

19       On February 22, 2011, following a hearing on February 15, the Court entered orders

20   granting in part Fortress's motions to modify the Confidentiality Order.  As modified, the

21   Confidentiality Order continues to contain carve-outs.  [*See* R2D2 Dkt., No. 490.]

22       **4.    Feb. 18, 2011: Continued First Meeting of Creditors**

23       On February 18, 2011, a continued first meeting of creditors took place in the

24   *Capitol/US* and *ThinkFilm* Bankruptcy Cases.  Bergstein appeared and testified as the

25   Debtors' representative.

26       **5.    March 9, 2011: District Court Denies Leave to Appeal**

27       On November 24, 2010-March 2011, Capco, CT1, and R2D2 appealed from the orders

28   denying their motions to disqualify counsel for the petitioning creditors.

F:\CLIENTS\Thinkfilm\Pleadings\Status Report2d 4-8-11.R2D2.wpd

On February 23, 2011, after filing opposition to those Debtors' motions for leave to appeal, the petitioning creditors notified the District Court that orders for relief had been entered in the *Capco*, *CT1*, and *R2D2* Bankruptcy Cases.

On February 25, the Trustee filed a notice of his appearance in those appeals and requested to be heard in the event that the District Court granted the Debtors's motions for leave to appeal.

On March 9, the District Court denied the motions of Capco, CT1, and R2D2 for leave to appeal.

### 6.    March 15, 2011: Applications to Employ G|M

On March 15, 2011, the Trustee filed applications to employ G|M as counsel to the permanent trustee in the Capco, CT1, and R2D2 Bankruptcy Cases. [*See* R2D2 Dkt., No. 499.]

### 7.    March-April 2011: Discussions with New Capitol Administrator

During March-April 2011, Andrew Lawrie, the new administrator in the Capitol Administration, introduced himself to the Trustee and his counsel. The Trustee and Mr. Lawrie, in his capacity as Capitol Administrator, are discussing the possibility of sharing information and coordinating their efforts in the related Bankruptcy Cases and the Capitol Administration. The Trustee has notified Mr. Lawrie of the Confidentiality Order and the filing under seal of the report, and has not provided the report to Mr. Lawrie.

### 8.    April 5, 2011: Report of Investigation

On April 5, 2011, the Trustee filed under seal his report of his investigation and a 21-volume appendix of exhibits. [*See* R2D2 Dkt., No. 505.] In a notice filed concurrently with the report, the Trustee notified creditors of the filing. The notice provides:

> **NOTICE IS FURTHER GIVEN** that, because the Report and Appendix contain extensive and intertwined information and documents within the scope of ¶¶ 4(a)-(e) of the "Order Granting, In Part, Motion To Modify Confidentiality Order Re Testimony and Records Provided to the Interim Trustee" entered on or about February 22, 2011 in the Bankruptcy Cases, apart from the Court and the Trustee, the Report and the Appendix are being served only on counsel of record for the Debtors, David R. Bergstein, Library Asset Acquisition Company, Ltd., and Ronald L. Tutor (the Served Parties).

At such time as the Court authorizes the Trustee to provide the Report and Appendix to creditors (whether some or all of them) and to the Office of the United States Trustee, the Trustee will immediately provide copies to such entities.

## IV.    **CONCLUSION**

Creditors currently seek access to the Trustee's report. The above-quoted April 5, 2011 notice accurately states the Trustee's position.

Dated: April 8, 2011

Respectfully submitted,

GUMPORT | MASTAN

By: _____
　　　　Leonard L. Gumport
　　Attorneys for Ronald L. Durkin,
　　Trustee

17.

In re: R2D2, LLC,

CHAPTER: 11

Alleged Debtor(s).

CASE NUMBER: 2:10-bk-19924-BR

---

**\* NOTE:** When using this form to indicate service of a proposed order, **DO NOT** LIST ANY PERSON OR ENTITY IN Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Gumport | Mastan, 550 S. Hope Street, Suite 825, Los Angeles, CA  90071

A true and correct copy of the foregoing document described as: **TRUSTEE'S SIXTH STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(S) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **April 8, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

                                    **X**  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **April 8, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  Listing the judge here  constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                    **X**  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows:.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                    ___  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **April 8, 2011** | **TRAVIS MICHAEL TERRY** | *Louis Michael Terry* |
| Date | Type name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                           **F 9013-3.1**

In re: R2D2, LLC,

                                    CHAPTER:   11

                    Alleged Debtor(s).   CASE NUMBER: 2:10-bk-19924-BR

**ADDITIONAL SERVICE INFORMATION (if needed):**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| | |
|---|---|
| David E Ahdoot | dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com |
| Todd M Arnold | tma@lnbrb.com |
| Sandor T Boxer | tedb@tedboxer.com |
| Jennifer S Chang | jsc@birdmarella.com, krw@birdmarella.com |
| Sara Chenetz | chenetz@blankrome.com, chang@blankrome.com |
| Russell Clementson | russell.clementson@usdoj.gov |
| Leslie A Cohen | leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com |
| Joseph A Eisenberg | jae@jmbm.com |
| Jeffrey K Garfinkle | bkgroup@buchalter.com, jgarfinkle@buchalter.com; lgoodwin@buchalter.com |
| Philip A Gasteier | pag@lnbrb.com |
| Thomas M Geher | tmg@jmbm.com |
| Irving M Gross | img@lnbrb.com, angela@lnbrb.com |
| David Guess | dguess@ktbslaw.com |
| Leonard L Gumport | lgumport@grlegal.com |
| Michael C Heinrichs | mheinrichs@omm.com |
| Joseph A Kohanski | jkohanski@bushgottlieb.com, tjimines@bushgottlieb.com |
| Peter J Mastan | pmastan@grlegal.com |
| Hayes F Michel | hmichel@bakerlaw.com |
| David L. Neale | dln@lnbrb.com |
| Andrew S. Rotter | arotter@grlegal.com |
| Mark M Sharf | mark@sharflaw.com, msharf00@gmail.com |
| James A Stearman | jas007@pacbell.net |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| David Weinstein | david.weinstein@hro.com |
| Joseph M Welch | jwelch@buchalter.com |

**SERVED BY FIRST CLASS U.S. MAIL**

**TRUSTEE**
Ronald L. Durkin, CPA
Clifton Gunderson LLP
915 Wilshire Blvd., Suite 2250
Los Angeles, CA 90017

**SERVED BY FEDERAL EXPRESS**

**UNITED STATES BANKRUPTCY COURT**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Bldg. and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1