1 | Vincent J. Marella - State Bar No. 57702
    vjm@birdmarella.com
2 | Jennifer S. Chang - State Bar No. 246611
    jsc@birdmarella.com
3 | BIRD, MARELLA, BOXER, WOLPERT,
    NESSIM, DROOKS & LINCENBERG, P.C.
4 | 1875 Century Park East, 23rd Floor
    Los Angeles, California  90067-2561
5 | Telephone: (310) 201-2100
    Facsimile: (310) 201-2110
6 |
7 | Attorneys for Non-Parties David Bergstein,
    Sara Bergstein, and Graybox, LLC

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**LOS ANGELES DIVISION**

11

| In re | Bk. No. 2:10-bk-19924-BR |
|---|---|
| R2D2, LLC, | CHAPTER 11 |
| Debtor. | **EMERGENCY MOTION FOR RECONSIDERATION AND STAY OF APRIL 11, 2011 ORDER DIRECTING CLERK OF COURT TO (1) UNSEAL THE "REPORT OF INVESTIGATION BY CHAPTER 11 TRUSTEE" FILED ON APRIL 5, 2011 AND ALL EXHIBITS FILED IN SUPPORT OF THE TRUSTEE'S REPORT; AND (2) ENTER THE TRUSTEE'S REPORT AND RELATED EXHIBITS ON THE DOCKET; DECLARATION OF JENNIFER S. CHANG** |
| | **[Request for Judicial Notice filed concurrently herewith.]** |
| | Date:    TBD |
| | Time:    TBD |
| | Place:   Courtroom 1668 |
| |          255 E. Temple St. |
| |          Los Angeles, CA 90012 |

26 | **TO THE HONORABLE BARRY RUSSELL, UNITED STATES**

27 | **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE,**

28 | **AND OTHER INTERESTED PARTIES:**

299855.1

1    **PLEASE TAKE NOTICE** that at a time and date to be determined by the

2    Honorable Court, in Courtroom 1668 of this Court, located at 225 E. Temple Street, Los

3    Angeles, California 90012, non-parties David Bergstein, Sara Bergstein, and Graybox LLC

4    will seek emergency relief from this Court pursuant to Fed. R. Bankr. P. 9013 and L.B.R.

5    Rule 9075-1(a), for reconsideration of the Court's April 11, 2011 Order Directing the

6    Clerk of Court to (1) Unseal the "Report of Investigation by Chapter 11 Trustee" Filed on

7    April 5, 2011 and All Exhibits Filed In Support of the Trustee's Report; and (2) Enter the

8    Trustee's Report and Related Exhibits on the Docket (the "April 11 Order"), and a stay of

9    the April 11 Order until the Court has ruled upon this emergency motion.

10    An emergency hearing is necessary because the April 11 Order contemplates the

11    immediate unsealing **of the entirety** of the (a) Report of Investigation by Chapter 11

12    Trustee and (b) Appendix of Exhibits to the Trustee's Report of Investigation (collectively,

13    the "Trustee's Report") filed by Ronald L. Durkin, the Chapter 11 Trustee herein (the

14    "Trustee") on April 5, 2011, **notwithstanding that certain, limited portions of the**

15    **Trustee's Report contain documents and information that are presently subject to the**

16    **Court's July 23, 2010 Confidentiality Order** (the "July 23rd Confidentiality Order"), as

17    modified by the Court's November 29, 2010 Order Modifying Confidentiality Order re

18    Testimony and Records Provided to Interim Trustee Dated July 23, 2010 (the "November

19    29th Modification Order"), and the Court's February 22, 2011 Order Granting, In Part,

20    Motion to Modify Confidentiality Order re Testimony and Records Provided to Interim

21    Trustee (the "February 22nd Modification Order").

22    Pursuant to the above-referenced orders, including and in particular, the February

23    22nd Modification Order, **the following materials remain subject to the July 23, 2010**

24    **Confidentiality Order and shielded from public disclosure**:

25    (a)      Excel spreadsheets containing private financial data and transactions of

26    David Bergstein and/or Graybox LLC, including, without limitation, any such spreadsheets

27    attached as exhibits to any Rule 2004 examination transcripts.

28    (b)      Copies of email and computer servers containing emails, filed, attorney-

299855.1                                                        2

1    client privileged communications, and other materials belonging to David Bergstein and/or

2    Graybox LLC that do not reference or relate to the Debtors, including, without limitation,

3    any such documents attached as exhibits to any Rule 2004 examination transcripts.

4        (c)    Graybox LLC bank account records and statements, including, without

5    limitation, any such records or statements attached as exhibits to any Rule 2004

6    examination transcripts.

7        (d)    Credit card statements for David or Sara Bergstein's personal American

8    Express cards, including, without limitation, any such statements attached as exhibits to

9    Rule 2004 examination transcripts.

10        (e)    Records produced by any casinos relating to David Bergstein's personal

11    gaming activities, including, without limitation, any such records attached as exhibits to

12    Rule 2004 examination transcripts.

13        The Court ordered that as to the above-listed items (the "Protected Materials"), the

14    July 23, 2010 Confidentiality Order "**shall continue to apply with full force to the**

15    **Protected Materials**."  The February 22nd Modification Order also states that David

16    Bergstein, Sara Bergstein, and Graybox LLC (collectively, the "Bergsteins") will have

17    until April 18, 2011 at 5:00 p.m. to file a motion for protective order demonstrating why

18    these items are entitled to continued protection from public disclosure.  The February 22nd

19    Modification Order specifically states if and when such a motion for protective order is

20    timely filed, access to the above-listed materials "**will remain restricted in accordance**

21    **with the Confidentiality Order unless and until the Court orders otherwise**."  Certain

22    of the Protected Materials are attached and/or referenced in the Trustee's Report.  An

23    emergency hearing is necessary because the April 11 Order contemplates immediate public

24    disclosure of the Trustee's Report.

25        On April 11, 2011, at 4:47 pm, counsel for the Bergsteins gave email notice to

26    counsel for the following parties that this emergency motion would be filed via the Court's

27    online ECF filing system:  the Trustee, Aramid Entertainment Fund Limited, Screen

28    Capitol International Corporation, Fortress Value Recovery Fund I LLC, Directors Guild

1  of America, Inc., Screen Actors Guild, Inc., Writers Guild of America, West, Inc.,

2  Directors Guild of America-Producer Pension and Health Plans, Screen Actors Guild-

3  Producer Pension and Health Plans, Writers Guild-Industry Health Fund and Producer-

4  Writers Guild of America Pension Plan, Motion Picture Industry Pension and Health Plans,

5  Library Asset Acquisition Company, Ron Tutor, Susan Tregub, Image Entertainment, and

6  Nancy Willen.  (Declaration of Jennifer S. Chang ¶ 2 & Ex. A.)

7          In response to this notice, counsel for the Trustee informed the Bergsteins' counsel

8  that, after receiving notice of the April 11 Order, but prior to receiving notice of this

9  emergency motion, he had already emailed copies of the Trustee's Report "to various

10  counsel, including counsel for the petitioning creditors," and had authorized a copy service

11  "to release copies of the Appendix as well to counsel." (Declaration of Jennifer S. Chang

12  Ex. B.)  Counsel for the Trustee stated that, as a courtesy, he would not send out additional

13  copies of the Trustee's Report until hearing further from the Court or from counsel for the

14  Bergsteins. (*See id.*)  Counsel for at least one interested party has objected to the Trustee's

15  counsel's stated intent not to send out additional copies of the Trustee's Report until

16  further order from the Court.

17          This emergency motion is based on this notice; the attached declaration of

18  Jennifer S. Chang; the pleadings, records, and files in this case; and such other matters that

19  may be raised prior to or at the hearing on this motion.

20

21  DATED: April 11, 2011                    Vincent J. Marella
                                             Jennifer S. Chang
22                                           BIRD, MARELLA, BOXER, WOLPERT,
                                                NESSIM, DROOKS & LINCENBERG, P.C.
23

24

25                              By: _____/s/Jennifer S. Chang_____
                                             Jennifer S. Chang
26                                           Attorneys for Non-Parties David Bergstein,
                                             Sara Bergstein, and Graybox, LLC
27

28

299855.1                                    4

1

# <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3

4  I       INTRODUCTION ................................................................................. 1

5  II      ARGUMENT................................................................................. 2

6       A.    The "Opposition to Filing Under Seal" of the (1) Report of
               Investigation by Chapter 11 Trustee and (2) Appendix of Exhibits to
7              the Trustee's Report filed by Screen Capital International Corp. Was
               Procedurally Improper and Its Request For Relief Should Have Been
8              Presented By Motion on Reasonable Notice. .................................... 2

9       B.    Portions of the Report Are Clearly Protected From Disclosure by the
               Existing Confidentiality Order, as Modified by the Court's February
10             23, 2011 Order. ............................................................... 3

11      C.    Emergency Relief Is Essential to Prevent Any Further Prejudice to the
               Bergsteins. ................................................................. 5

12  III     CONCLUSION ................................................................. 5

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

299855.1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I**

**INTRODUCTION**

The Trustee's April 5, 2011 Report indisputably contains information that is subject to the Court's July 23, 2010 Confidentiality Order (the "July 23rd Confidentiality Order"), as modified by the Court's February 22, 2011 Order Granting, In Part, Motion to Modify Confidentiality Order re Testimony and Records Provided to Interim Trustee (the "February 22 Order").  This Court ordered that as to the "Protected Materials" delineated in the February 22 Order, David Bergstein, Sara Bergstein, and Graybox, LLC (collectively, the "Bergsteins") would have until April 18, 2011 to file a motion for protective order demonstrating why those materials should remain confidential.  <u>**The Court's February 22 Order expressly stated that the "Protected Materials" would remain subject to the July 23rd Confidentiality Order (and protected from public disclosure, including general petitioners) pending the outcome of that anticipated motion for protective order.**</u>  (*See* February 22, 2011 Order, Request for Judicial Notice Ex. 2 at ¶¶ 4 & 8.)  In reliance on the February 22 Order, the Bergsteins have been preparing a comprehensive motion for protective order that will be filed on April 18, 2011.

The Court's April 11, 2011 Order Directing the Clerk of Court to (1) Unseal the "Report of Investigation by Chapter 11 Trustee" Filed on April 5, 2011 and All Exhibits Filed In Support of the Trustee's Report; and (2) Enter the Trustee's Report and Related Exhibits on the Docket (the "April 11 Order") orders the immediate unsealing of ***the entirety of the*** Trustee's Report, notwithstanding the fact that the Report contains information that is expressly confidential pursuant to the Court's February 22nd Modification Order.  For that reason, the Bergsteins respectfully urge the Court to reconsider its April 11 Order and instead enter an Order stating that only those portions of the Trustee's Report that do not attach or reference confidential materials should be unsealed.  The Bergsteins further respectfully urge the Court to stay its April 11 Order pending the outcome of this emergency motion.

299855.1

**II**

**ARGUMENT**

**A.    The "Opposition to Filing Under Seal" of the (1) Report of Investigation by Chapter 11 Trustee and (2) Appendix of Exhibits to the Trustee's Report filed by Screen Capital International Corp. Was Procedurally Improper and Its Request For Relief Should Have Been Presented By Motion on Reasonable Notice.**

The "Opposition to Filing Under Seal" filed by Screen Capital International Corp. ("SCIC") on April 6, 2011 was procedurally improper.  Although styled as an "opposition" to the Trustee's filing of the Report under seal, in truth, it was a request for an order (to unseal the Trustee's Report) that should have been made by a noticed written motion pursuant to Fed. R. Bankr. P. 9013, which states as follows:

> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing.  The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought.  Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

The Advisory Committee notes for Fed. R. Bankr. P. 9013 explain:  "This rule is derived from Rule 5(a) and Rule 7(b)(1) F.R.Civ.P.  Except when an application is specifically authorized by these rules, for example an application under Rule 2014 for approval of the employment of a professional, all requests for court action must be made by motion."

Because SCIC did not make its request for relief by way of motion on reasonable notice, with an opportunity for the Bergsteins (and other interested parties) to oppose the motion, the Court should have denied SCIC's request for an order directing the Trustee to provide SCIC and other creditors access to the Report.  The Court entered its April 11 Order *only three business days* after SCIC's "Opposition" was filed, before the Bergsteins

1  had a fair opportunity to respond to SCIC's "Opposition" and apprise the Court of the

2  reasons why the Trustee's Report should not be unsealed in its entirety.

3  **B.**      **Portions of the Report Are Clearly Protected From Disclosure by the Existing**

4           **Confidentiality Order, as Modified by the Court's February 23, 2011 Order.**

5           The currently operative Confidentiality Order in this matter is the order entered by

6  the Court on February 22, 2011 following a motion by Fortress Value Recovery I LLC to

7  modify the Confidentiality Order.  The February 22, 2011 Order Granting, In Part, Motion

8  to Modify Confidentiality Order re Testimony and Records Provided to the Interim Trustee

9  ("the February 22 Order") states that the Trustee is authorized to grant access to

10 information from the Trustee's Rule 2004 investigations to all parties in interest who

11 request such access ***with the exception of*** certain materials specified in that order, namely

12 the following:

13         (a)     Excel spreadsheets containing private financial data and transactions of

14 David Bergstein and/or Graybox LLC, including, without limitation, any such spreadsheets

15 attached as exhibits to any Rule 2004 examination transcripts.

16         (b)     Copies of email and computer servers containing emails, filed, attorney-

17 client privileged communications, and other materials belonging to David Bergstein and/or

18 Graybox LLC that do not reference or relate to the Debtors, including, without limitation,

19 any such documents attached as exhibits to any Rule 2004 examination transcripts.

20         (c)     Graybox LLC bank account records and statements, including, without

21 limitation, any such records or statements attached as exhibits to any Rule 2004

22 examination transcripts.

23         (d)     Credit card statements for David or Sara Bergstein's personal American

24 Express cards, including, without limitation, any such statements attached as exhibits to

25 Rule 2004 examination transcripts.

26         (e)     Records produced by any casinos relating to David Bergstein's personal

27 gaming activities, including, without limitation, any such records attached as exhibits to

28 Rule 2004 examination transcripts.

299855.1

1    (*See* February 22, 2011 Order, Request for Judicial Notice Ex. 2 at ¶ 4(a) – 4(e).)

2    **The Court unequivocally ordered that the Confidentiality Order would**

3    **continue to apply with full force to these five categories (collectively, the "Protected**

4    **Materials") until and unless the Court ordered otherwise.**  (*See id.* at ¶ 4.)  The Court

5    also ordered that David Bergstein, Sara Bergstein, and Graybox LLC would have until

6    April 18, 2011 at 5:00 pm to file any request for protective order with respect to the

7    Protected Materials, and that if **such a motion was filed, access to documents related to**

8    **the motion would remain restricted in accordance with the Confidentiality Order**

9    **unless and until the Court orders otherwise.**  (*See id.* at ¶ 8.)  **In reliance on the**

10   **February 22nd Modification Order, the Bergsteins have been in the process of**

11   **preparing a comprehensive motion for protective order and intend to file such a**

12   **motion for protective order on April 18, 2011.**

13   Given the Court's February 22 Order, any portions of the Trustee's Report

14   (including the Appendix) that attach or reference Protected Material ***should be filed under***

15   ***seal and remain under seal pending the outcome of the Bergsteins' motion for protective***

16   ***order***.  By way of example only, the Appendix to the Trustee's Report indicates that

17   Exhibits 17, 18, 19, 20, 32(b), 100, 101, 219, 221 to the Appendix (and any portions of the

18   Report that reference or quote from those Exhibits) unquestionably fall within the scope of

19   the Protected Materials delineated in the February 22 Order and should remain protected

20   from public disclosure pending the Bergsteins' motion for protective order.[1]

21   Based upon the Court's rulings in the February 22 Order, the Bergsteins do not

22   oppose the public filing of those portions of the Trustee's Report that do not attach or

23   _____

24   [1] In the rush to file this emergency motion and prevent further prejudice to the Bergsteins,
the Bergsteins have not included in this motion an exhaustive list of the exhibits and

25   portions of the Report that should remain under seal.  The aforementioned exhibits are

26   referenced ***by way of example*** to demonstrate to the Court that there are several exhibits
and portions of the Report that should remain under seal pursuant to the February 22

27   Order.

28

299855.1

1  reference the Protected Materials.  The Bergsteins believe there are significant portions of

2  the Trustee's Report that may properly be disclosed to the public

3  **C.      Emergency Relief Is Essential to Prevent Any Further Prejudice to the**

4  **Bergsteins.**

5            After obtaining notice of the Court's April 11, 2011 Order, but before receiving

6  notice of the Bergsteins' intention to file the instant emergency motion, counsel for the

7  Trustee emailed copies of the Trustee's Report to "various counsel, including counsel for

8  the petitioning creditors."  (*See* Declaration of Jennifer S. Chang Ex. B.)  After receiving

9  notice of the Bergsteins' intent to file this emergency motion, counsel for the Trustee

10 stated that, as a courtesy, he would not send out "additional copies of the report until [he]

11 heard further from [counsel for the Bergsteins] or the Court, but the report has been

12 distributed as set forth above."  (*See id.*)  Counsel for the Trustee also authorized a

13 document copy service to release copies of the Appendix to the Report "to counsel" after

14 obtaining notice of the April 11 Order but before receiving notice of the Bergsteins'

15 emergency motion  (*See id.*)  Counsel for the Trustee stated that, as a courtesy, he would

16 ask the copy service "not to release any more copies until they hear further from me."  (*See*

17 *id.*)

18          Notwithstanding the professional courtesy of counsel for the Trustee, the Court's

19 April 11, 2011 contemplates that the Report will be immediately unsealed and the

20 Bergsteins expect that members of the public, including the press, may seek to obtain

21 copies of the Report directly from the Court.  If and when that occurs, the prejudice that

22 would be suffered by the Bergsteins as a result of the public disclosure of their private

23 information – **which is subject to a Confidentiality Order that is currently in effect**

24 **and will be the subject of a motion for protective order** – will be irreparable.

25                                       **III**

26                              **CONCLUSION**

27          For the reasons set forth above, David Bergstein, Sara Bergstein, and Graybox LLC

28 respectfully urge the Court to reconsider its April 11, 2011 Order and, in any event, to stay

1 | that April 11, 2011 Order until they may be heard on this emergency motion.

2 | DATED: April 11, 2011                    Respectfully submitted,

3 |                                          Vincent J. Marella

4 |                                          Jennifer S. Chang
                                             BIRD, MARELLA, BOXER, WOLPERT,
5 |                                               NESSIM, DROOKS & LINCENBERG, P.C.

6 |

7 |                                          By: _____ /s/Jennifer S. Chang

8 |                                                    Jennifer S. Chang
                                             Attorneys for David Bergstein, Sara Bergstein, and
9 |                                          Graybox LLC

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

299855.1

## DECLARATION OF JENNIFER S. CHANG

I, Jennifer S. Chang, declare as follows:

1.      I am an active member of the Bar of the State of California and an Associate with Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, A Professional Corporation, attorneys of record for Non-Parties David Bergstein, Sara Bergstein, and Graybox, LLC (collectively, the "Bergsteins") in this action.  I make this declaration in support of EMERGENCY MOTION FOR RECONSIDERATION AND STAY OF APRIL 11, 2011 ORDER DIRECTING CLERK OF COURT TO (1) UNSEAL THE "REPORT OF INVESTIGATION BY CHAPTER 11 TRUSTEE" FILED ON APRIL 5, 2011 AND ALL EXHIBITS FILED IN SUPPORT OF THE TRUSTEE'S REPORT; AND (2) ENTER THE TRUSTEE'S REPORT AND RELATED EXHIBITS ON THE DOCKET.  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.      On April 11, 2011 at approximately 4:47 pm (approximately 30 minutes after I received notice via ECF of the Court's April 11, 2011 Order Directing the Clerk of Court to (1) Unseal the "Report of Investigation by Chapter 11 Trustee" Filed on April 5, 2011 and All Exhibits Filed In Support of the Trustee's Report; and (2) Enter the Trustee's Report and Related Exhibits on the Docket (the "April 11 Order"), I sent an email to counsel for the Trustee and counsel for several creditors, including Aramid Entertainment Fund Limited, Screen Capitol International Corporation, Fortress Value Recovery Fund I LLC, Directors Guild of America, Inc., Screen Actors Guild, Inc., Writers Guild of America, West, Inc., Directors Guild of America-Producer Pension and Health Plans, Screen Actors Guild-Producer Pension and Health Plans, Writers Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan, Motion Picture Industry Pension and Health Plans, Library Asset Acquisition Company, Ron Tutor, Susan Tregub, Image Entertainment, and Nancy Willen, notifying them of the Bergsteins' intention to file

299855.1

1    an emergency motion seeking reconsideration and stay of the April 11 Order.  A true and

2    correct copy of that email is attached as Exhibit A.

3           3.      On April 11, 2011 at approximately 5:04 pm, I received an email response

4    from Leonard Gumport, Esq., counsel for the Trustee.  A true and correct copy of that

5    email is attached as Exhibit B.

6           4.      Attached as Exhibit 1 to the concurrently-filed Request for Judicial Notice is

7    a true and correct copy of the July 23, 2010 Confidentiality Order, which I downloaded

8    from ECF.

9           5.      Attached as Exhibit 2 to the concurrently-filed Request for Judicial Notice is

10   a true and correct copy of the February 22, 2011 Order Granting, In Part, Motion to

11   Modify Confidentiality Order re Testimony and Records Provided to Interim Trustee (the

12   "February 22, 2011 Order"), which I downloaded from ECF.

13          6.      A stay of the April 11, 2011 is required in order to prevent the public

14   disclosure of certain materials included in the Trustee's April 5, 2011 Report that were

15   delineated as "Protected Materials" under the February 22, 2011 Order.

16          I declare under penalty of perjury under the laws of the United States of America

17   that the foregoing is true and correct, and that I executed this declaration on April 11,

18   2011, at Los Angeles, California.

19

20                                        _____/s/Jennifer S. Chang_____

21                                             Jennifer S. Chang

22

23

24

25

26

27

28

299855.1